CEDRIC L. ARNOLD, administrator, *vs.* MORTON R. JACOBS.

Essex. November 14, 1939. — March 25, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Negligence,* Of minor child toward his parent, Causing death. *Parent and Child. Actionable Tort. Public Policy. Minor.*

The administrator of the estate of a parent of an unemancipated minor may maintain an action against the minor for negligently causing the death of the plaintiff's intestate.

TORT. Writ in the District Court of Southern Essex dated August 3, 1937.

On removal to the Superior Court, a verdict was ordered for the defendant by *J. W. Morton*, J.

*J. W. Sullivan*, for the plaintiff.

*A. X. Dooley*, for the defendant, submitted a brief.

DOLAN, J. This is an action for the death of the plaintiff's intestate, alleged to have been caused by the negligence of the defendant in operating an automobile in which the intestate was riding. The defendant is the unemancipated minor son of the intestate. At the time of the accident he was sixteen years of age, attending school and living with his parents. The declaration was in two counts, one for conscious suffering, and the other for the death. The count for conscious suffering was waived.

The case was referred to an auditor, who filed his report in which he found that the defendant was negligent, but that the intestate was not in the exercise of due care when the accident occurred. He found for the defendant

Thereafter the case was tried to a jury, and at the conclusion of all the evidence the judge allowed the defendant's motion for a directed verdict "on the sole ground that the administrator of the estate of the mother of a minor defendant could not maintain an action for the death of the mother against a sixteen-year-old minor son living at home with his parents and unemancipated, whose negligence caused the death." The plaintiff excepted to this action and to the ruling of the judge.

The plaintiff concedes that the sole issue presented for determination is whether the present action "will lie by the administrator of [the estate of] a mother against her unemancipated [minor] son for the death of the mother . . . caused by the negligent operation of an automobile by the son."

The case is governed by *Oliveria* v. *Oliveria*, *ante*, 297, where it is held that the administratrix of a deceased parent of an unemancipated minor can recover from the latter for the death of the parent which is caused by the negligence of the minor child. The subject matter is fully discussed in

that case and nothing would be gained by repeating what is said there.

The question whether the defendant should himself share in the distribution of any sum that the plaintiff may recover is not now before us. *O'Connor* v. *Benson Coal Co.* 301 Mass. 145, 147–148. *Oliveria* v. *Oliveria, ante,* 297, 303.

*Exceptions sustained.*