CEDRIC L. ARNOLD, administrator, *vs.* MORTON R. JACOBS & another.

Essex.    November 12, 1941. — April 27, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, & WILKINS, JJ.

*Insurance*, Motor vehicle liability insurance. *Negligence*, Causing death. *Joint Tortfeasors*. *Executor and Administrator*, Claim for decedent's death.

The insurer in a policy of automobile liability insurance, in a suit in equity by an administrator under G. L. (Ter. Ed.) c. 214, § 3 (10), to enforce the insurer's obligation in satisfaction of a judgment recovered by the plaintiff in an action under c. 229, § 5, against the insured for the death of the plaintiff's intestate through negligent operation of the automobile, was not entitled to be credited with an amount the plaintiff had been paid in compromise of an action which he had brought against a third person whose negligence had contributed to cause the death.

Under the provision of a policy of automobile liability insurance requiring the insurer to pay all sums which a person while using the automobile with permission of the named insured should become obligated to pay

by reason of liability imposed on him by law "for damages . . . because of . . . death . . . sustained by any person or persons . . . caused by accident and arising out" of use of the automobile, the insurer was liable in a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), by the administrator of the estate of the wife of the named insured, who died leaving him, a son and a daughter surviving her, for the full amount of a judgment recovered by such administrator in an action under c. 229, § 5, against the son for her death caused by the son's negligence in operating the automobile with the permission of the named insured; the questions, whether the son and the named insured would be entitled to share in the insurance proceeds as statutory beneficiaries, and whether the insurer under a provision of the policy should be subrogated to the son's right, if any, so to share, were not open in the present suit.

BILL IN EQUITY, filed in the Superior Court on September 3, 1940.

The case was heard by *Giles,* J. In this court it was argued at the bar in November, 1941, before *Field,* C.J., *Donahue, Qua, Dolan,* & *Ronan,* JJ., and after the retirement of *Donahue* & *Cox,* JJ., was submitted on briefs to *Lummus* & *Wilkins,* JJ.

*A. X. Dooley,* for the defendants.

*J. W. Sullivan,* for the plaintiff.

LUMMUS, J: The plaintiff administrator of the estate of Rosetta M. Jacobs brings this bill under G. L. (Ter. Ed.) c. 214, § 3 (10), and c. 175, § 113, against Morton R. Jacobs and Maryland Casualty Company, the insurer under a policy of liability insurance covering the operation of an automobile, to reach and apply the obligation of the insurer under that policy and the "insurance money" payable by the insurer, in satisfaction of a judgment obtained by the plaintiff administrator on July 22, 1940, for $10,000 damages with interest and costs against said Morton R. Jacobs in an action of tort for his negligence in the operation of the automobile, which caused the death of his mother, the plaintiff's intestate. See *Arnold* v. *Jacobs,* 305 Mass. 427; *Oliveria* v. *Oliveria,* 305 Mass. 297.

The plaintiff's intestate, on January 25, 1937, was hurt while riding in the automobile, which came into collision on a public way in Swampscott with an automobile operated by one Delisio. The plaintiff's intestate died of her injuries

on January 29, 1937, without conscious suffering. She was survived by her husband, Charles H. Jacobs, and her two children, Morton R., aged sixteen, and Charlotte, aged twelve. The automobile was owned by her husband, who was named as insured in the policy, and was not present at the time of the collision. Morton R. Jacobs was operating the automobile with his consent. A demand for satisfaction of the judgment was duly made upon each defendant, but nothing was paid.

The policy defined a "guest occupant" as "any person, other than an employee of the owner or registrant of a motor vehicle or of a person responsible for its operation with the owner's or registrant's express or implied consent, being in or upon, entering or leaving the same," except a passenger for hire. The compulsory automobile liability insurance law had ceased to apply to guest occupants like the plaintiff's intestate (St. 1935, c. 459, §§ 1, 2, amending G. L. [Ter. Ed.] c. 90, § 34A; *Westgate* v. *Century Indemnity Co.* 309 Mass. 412; *Joyce* v. *London & Lancashire Indemnity Co.* 312 Mass. 354), and the material coverage was the one contained in "Coverage B" of the policy. Under that coverage the insurer agreed to "pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons . . . caused by accident and arising out of the ownership, maintenance or use of the motor vehicle." The policy made a guest occupant upon the ways of the Commonwealth one of the "persons" mentioned in the foregoing quotation. The policy also made the word "insured" in that quotation include "not only the named insured but also any person while using the motor vehicle . . . with the permission of the named insured," with immaterial exceptions. The limit of coverage for the death of one person was $10,000.

After a final decree ordering the insurer to pay the entire judgment with interest and costs, the insurer appealed. It makes three contentions in reduction of its liability. These will be considered in order.

1. It contends that it should be credited with $2,000 paid by Delisio in compromise of an action brought against him by the plaintiff administrator to recover for the same death, in consideration of which sum the plaintiff administrator gave Delisio a covenant not to sue him. If the damages recoverable for death had been compensatory, the plaintiff administrator would have been entitled to compensation only once, and would have been required to credit the $2,000. *O'Neil* v. *National Oil Co.* 231 Mass. 20. *Solomon* v. *Dabrowski,* 295 Mass. 358, 359. *Karcher* v. *Burbank,* 303 Mass. 303. *Daniels* v. *Celeste,* 303 Mass. 148. *Sacchetti* v. *Springer,* 303 Mass. 480. But notwithstanding the fact that in some aspects the action for death has remedial purposes and has even been said to be in a sense "compensatory" (*Sullivan* v. *Hustis,* 237 Mass. 441, 447 et seq.; *Putnam* v. *Savage,* 244 Mass. 83), the damages are assessed "with reference to the degree of . . . culpability," within the limits of $500 (since St. 1941, c. 504, § 3, $1,000) and $10,000. G. L. (Ter. Ed.) c. 229, § 5, amended after the death in this case by St. 1937, c. 406, § 3. And in the main the action is penal. *Arruda* v. *Director General of Railroads,* 251 Mass. 255. *Porter* v. *Sorell,* 280 Mass. 457. *Macchiaroli* v. *Howell,* 294 Mass. 144, 147. *O'Connor* v. *Benson Coal Co.* 301 Mass. 145, 148. *Oliveria* v. *Oliveria,* 305 Mass. 297, 301, 302. The fact that there must be some living statutory beneficiary entitled to receive the penalty does not make the action other than penal. *Hess* v. *Boston Elevated Railway,* 304 Mass. 535, 539.

The statute, following a pattern familiar in criminal and penal provisions, limits the penalty that can be imposed upon one person for causing one death. It does not limit the amount that can be collected from a number of wrongdoers for one death. Logically, as in the criminal law, each wrongdoer may be made to suffer the maximum penalty, no matter how many are guilty. For this reason, the amount of money paid by Delisio is immaterial. The reasoning in *Porter* v. *Sorell,* 280 Mass. 457, and *Partridge* v. *United Elastic Corp.* 288 Mass. 138, 146, 147, requires this conclusion. The case of *Leonard* v. *Lumbermens Mutual Casualty Co.* 298 Mass. 393, is not in point, because in that

case there was only one real wrongdoer, although the doctrine of respondeat superior made his master responsible as well.

2. The executor or administrator in whom the statute vests the cause of action for death is required to hold the money recovered "to the use of the surviving wife or husband and children . . . in equal moieties." G. L. (Ter. Ed.) c. 229, §§ 1, 5, now varied as to § 1 by St. 1943, c. 444, § 1, and now restated as to § 5 by St. 1941, c. 504, § 3. Except as now provided by St. 1943, c. 444, § 2, the money recovered is not an asset of the estate of the deceased, but constitutes a fund for distribution to the statutory beneficiaries. *Turnquist* v. *Hannon*, 219 Mass. 560, 562. *Putnam* v. *Savage*, 244 Mass. 83, 87.

The insurer contends that Charles H. Jacobs, the named insured, and Morton R. Jacobs, the described insured, are precluded by the terms of the policy from sharing in its benefits, and that consequently the insurer is absolved from paying anything except the share of the judgment that would be distributed to Charlotte Jacobs. The insurer contends that the requirement of the policy that it pay "all sums which the insured [the described insured Morton R. Jacobs] shall become obligated to pay" because of "bodily injury, including death at any time resulting therefrom," sustained by "any person or persons," does not contemplate a payment that ultimately will enure to the use of either the named or the described insured. The insurer relies on *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105. In that case the named insured, while riding in her own automobile, was hurt by the negligence of one Smith whom she allowed to operate it. After obtaining judgment against Smith, the named insured sought to reach and apply the insurance money arising from her own compulsory motor vehicle liability insurance policy, in which she was the named insured and Smith a described insured. From the purpose of the statute to protect others rather than the owner of a motor vehicle, and from the statutory language — "indemnity for or protection to the insured and any person responsible for the operation of the insured's

motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others" — this court inferred that the named insured was not intended to have the benefit of the insurance in satisfaction of a judgment against the described insured. A similar decision was made in *Cain* v. *American Policyholders' Ins. Co.* 120 Conn. 645, under a noncompulsory coverage. Cases elsewhere are in conflict. See, for examples, *Farmer* v. *United States Fidelity & Guaranty Co.* 11 Fed. Sup. 542, noted in 49 Harv. Law Rev. 836; *Archer* v. *General Casualty Co.* 219 Wis. 100; *Howe* v. *Howe*, 87 N. H. 338. In *Oliveria* v. *Preferred Accident Ins. Co.* 312 Mass. 426, 143 Am. L. R. 1391, the named insured was killed by the negligence of the described insured, and it was held that the compulsory policy did not cover a judgment for death against the described insured.

In the present case those decisions have no application. Even if the vital words of the policy, "any person or persons," be construed to mean the same as the word "others" in the compulsory statute, the deceased in this case was a person other than either the named or the described insured. Whether the statutory beneficiaries include the named or the described insured, is immaterial. The policy, in speaking of liability for "bodily injury, including death at any time resulting therefrom, sustained by any person or persons," meant just what it said, "liability for deaths of the same persons liability for whose bodily injuries is also covered." *Oliveria* v. *Preferred Accident Ins. Co.* 312 Mass. 426, 429. The deceased was such a person. The plaintiff administrator is entitled to reach and apply the insurance money.

3. It may be that Morton R. Jacobs will not be allowed to profit from his own wrong by sharing in the insurance money. *O'Connor* v. *Benson Coal Co.* 301 Mass. 145. That question is not before us at this stage. *Oliveria* v. *Oliveria*, 305 Mass. 297, 303. *Arnold* v. *Jacobs*, 305 Mass. 427, 429. For that reason there was no need of making the various statutory beneficiaries parties to the bill. *O'Rourke* v. *Sullivan*, 309 Mass. 424. That question may arise later

when the administrator comes to distribute the insurance money.

It was sufficient foundation for the judgment imposing the penalty that there was one beneficiary whose fault did not contribute to the death. *O'Connor* v. *Benson Coal Co.* 301 Mass. 145, 148. See also *Hess* v. *Boston Elevated Railway*, 304 Mass. 535, 539. The fact, if it be a fact, that Morton R. Jacobs cannot be a beneficiary of the penalty, affords no reason for reducing the penalty. The insurer agreed to satisfy the penalty, and has no more ground for reducing it than has Morton R. Jacobs.

The insurer relies on the provision in the policy that "in the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor and the insured shall execute all papers required and shall do everything that may be necessary to secure such rights." That provision can be of no avail to the insurer unless it is determined in proceedings for distribution that Morton R. Jacobs is entitled to share in the distribution. In the meantime the insurer must pay the administrator.

*Decree affirmed with costs.*