CEDRIC L. ARNOLD, administrator, *vs.* CHARLES H. JACOBS & others.

Essex.    December 5, 6, 1945. — January 31, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Death Statute. Executor and Administrator,* Claim for death. *Subrogation. Insurance,* Motor vehicle liability insurance, Subrogation. *Words,* "Rights of recovery."

A described insured in a policy of automobile liability insurance could not share in a sum paid by the insurer to the administrator of the estate of the described insured's mother to satisfy a judgment recovered against him by the administrator in an action under G. L. (Ter. Ed.) c. 229, § 5, for causing the mother's death through his negligent operation of the automobile covered by the policy.

A provision of a policy of automobile liability insurance that "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor," gave to the insurer no right as subrogee of the named insured or of a described insured in the distribution of a sum which the insurer had been required to pay to the administrator of the estate of the wife of the named insured, who also was the mother of the described insured, to satisfy a judgment recovered by the administrator against the described insured in an action under G. L. (Ter. Ed.) c. 229, § 5, for causing her death through his negligent operation of the automobile covered by the policy.

PETITION, filed in the Probate Court for the county of Essex on August 30, 1944, by the administrator of the estate of Rosetta M. Jacobs for instructions respecting the distribution of the amount paid to the petitioner by Maryland Casualty Company pursuant to the decision of this court reported in 316 Mass. 81, whereby that company, as insurer in a policy of automobile liability insurance issued to Charles H. Jacobs as named insured, was required to satisfy a judgment recovered by the administrator under G. L. (Ter. Ed.) c. 229, § 5, against Morton R. Jacobs, described insured, for causing the death of his mother, the petitioner's intestate and wife of the named insured.

The specific instructions asked were: 1. "Whether or not the said Morton R. Jacobs is entitled to share in the distribution of" the amount so paid to the petitioner. 2. "In the event that it is determined that the said Morton R. Jacobs is entitled [so] to share . . . what sum should be paid him." 3. "In the event that it is determined that Morton R. Jacobs is not entitled to share in the" amount so paid to the petitioner, "to whom and in what proportions should the share which he would otherwise receive, be paid." 4. "What sum should be paid the said Charles H. Jacobs as guardian of Charlotte Jacobs [daughter of Charles H. Jacobs and the petitioner's intestate]." 5. "What sum should be paid to Charles H. Jacobs."

The case was heard by *Phelan,* J., and a decree was entered instructing that Morton R. Jacobs was not entitled to share, and ordering the administrator to pay the sum, one half to Charles H. Jacobs, and one half to Charles H. Jacobs as guardian of Charlotte Jacobs.

The Maryland Casualty Company appealed from the decree "by which the court in substance decreed that Morton R. Jacobs is not to share in" the fund.

*S. Parsons,* (*E. Parsons* with him,) for Charles H. Jacobs.

*H. B. White,* for Maryland Casualty Company.

LUMMUS, J.   The petitioner's intestate, Rosetta M. Jacobs, was the wife of Charles H. Jacobs and the mother of Morton R. Jacobs and Charlotte Jacobs.   On January 25, 1937, Charles H. Jacobs was the owner of an automobile registered in his name in Massachusetts.   He was the "named insured" in a policy of automobile liability insurance then in force, issued by the Maryland Casualty Company.   On that day, his minor son Morton R. Jacobs, who was a described insured under the policy but not the named insured, was driving his father's automobile with his permission, but not as his servant.   Rosetta M. Jacobs was riding in the automobile as a "guest occupant."   In a collision due to the negligence of Morton R. Jacobs, Rosetta M. Jacobs sustained injuries from which she died on January 29, 1937, without conscious suffering.

In an action of tort under G. L. (Ter. Ed.) c. 229, § 5, the petitioner recovered judgment against Morton R. Jacobs for $10,000, with interest and costs.   Then he obtained a decree requiring the Maryland Casualty Company to pay the judgment, without any deduction, and that decree was affirmed by this court.   *Arnold* v. *Jacobs,* 316 Mass. 81.   That judgment was then paid to the petitioner.

The present case comes to us by appeal of the Maryland Casualty Company from a decree of the Probate Court instructing the petitioner to divide the amount of the judgment equally between Charles H. Jacobs and Charlotte Jacobs, to the exclusion of Morton R. Jacobs.   That decree was based on the theory that Morton R. Jacobs, though one of the persons beneficially interested in the money recovered, according to the terms of the statute (*Arnold* v. *Jacobs,* 316 Mass. 81, 85), is precluded by his own fault from sharing therein.

The question of his right to share as a beneficiary in the penalty has been twice left open, because at earlier stages of

the case a decision of that question was not required. *Arnold* v. *Jacobs*, 305 Mass. 427, 429. *Arnold* v. *Jacobs*, 316 Mass. 81, 86. The case is not governed by *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, where the plaintiff had a property right as beneficiary in a policy of life insurance on the life of his wife, and the question was how far culpability for her death deprived him of that property right. In the present case the question is whether Morton R. Jacobs can share as a distributee in the very penalty exacted from him by the law as a punishment for negligently causing his mother's death. We think he cannot share in the distribution of the penalty. *O'Connor* v. *Benson Coal Co.* 301 Mass. 145. Am. Law Inst. Restatement: Torts, § 493, comment. To allow him to share in the penalty would in effect permit him to reduce it, and that we have held cannot be permitted. *Arnold* v. *Jacobs*, 316 Mass. 81, 87. The exact point now decided has not been decided before in this Commonwealth, but the present decision has been foreshadowed in earlier cases.

The policy provides that "In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor . . . ." We assume that by the insured both the named insured and the described insured were meant. Such a right of subrogation is commonly provided for in insurance policies, and often exists without any such provision. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44, 46. *General Exchange Ins. Corp.* v. *Driscoll*, 315 Mass. 360. But in order for subrogation to take place the insured must have a right of recovery against some person to which the insurer can succeed by subrogation. Morton R. Jacobs, the described insured, was the wrongdoer, and could have no right of recovery against himself. Even if he had had a right to share in the distribution of the penalty, that right would not be a right "of recovery" within the meaning of the subrogation provision. Neither did Charles H. Jacobs, the named insured, have any right "of recovery" against Morton R. Jacobs or anyone else. The law vested the right to recover for death in the administrator of Rosetta M. Jacobs. The right of Charles H.

Jacobs as distributee of a share of the penalty was not a right "of recovery" within the meaning of the subrogation provision. The insurer has no rights, by virtue of the subrogation provision, in the fund to be distributed. The decree denying to it any share of the fund was right.

The cases of *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105, and *Oliveria* v. *Preferred Accident Ins. Co.* 312 Mass. 426, 143 Am. L. R. 1391, have no application. Those cases held merely that a Massachusetts compulsory motor vehicle liability policy does not cover the liability of a described insured for an injury to or the death of the named insured himself.

We need not consider whether the Maryland Casualty Company was entitled to appeal, for even if it was the decree was right, and the affirmance of it would do substantial justice. *Bushway-Whiting Ice Cream Co.* v. *Mayor of Somerville,* 308 Mass. 148, 153. *Coyne* v. *Alcoholic Beverages Control Commission,* 312 Mass. 224, 230. *New England Novelty Co. Inc.* v. *Sandberg,* 315 Mass. 739, 747.

*Decree affirmed.*