Rouse, J.
INTRODUCTION
In this action, the plaintiff, Paul J. Santos, Jr. (Santos), alleged that his wife and three children died as a result of injuries arising out of an automobile accident caused by defective brakes in his 1986 Plymouth Voyager minivan. Santos himself sustained serious injuries. He brought this action individually and in his capacity as executor and administrator of his family against The Chrysler Corporation (Chrysler), the manufacturer of the minivan, and Post Motors, Inc., the distributor. After a four-week jury trial, the jury found, upon special questions, that Chrysler had been grossly negligent in designing the brakes and had breached a warranty because the brakes were defective. The jury further found that Post Motors had not been negligent.[2] The jury awarded compensatory damages in the amount of $12,800,000.00 and punitive damages in the amount of $15,705.00. Both the plaintiff and Chrysler brought motions to correct the judgments as entered by the clerk. After hearing and consideration, the court adjusted the date from which *82 interest ran on the punitive damages award and amended the judgment for Santos to reflect full recovery under the breach of warranty claim. The plaintiffs motion was otherwise denied, as was Chrysler’s motion. This matter is now before the court on Chrysler’s motion for a new trial and motion for a judgment notwithstanding the verdict. After hearing and consideration of all submissions, the court issues the following memorandum of decision.
DISCUSSION
The law for considering post-trial motions is well settled. With respect to a motion for judgment notwithstanding the verdict, “the judge’s task, ‘taking into account all the evidence in its aspect most favorable to the plaintiff, [is] to determine whether, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, the jury reasonably could return a verdict for the plaintiff,’ ” Tosti v. Ayik, 394 Mass. 482, 494 (1985), quoting Rubel v. Hayden, Harding & Buchanan, Inc., 15 Mass.App.Ct. 252, 254 (1983). The court will consider whether “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn” in favor of the non-moving party. Poirier v. Plymouth, 374 Mass. 206, 212 (1978), quoting Raunela v. Hertz Corp., 361 Mass. 341, 343 (1972). Conflicting evidence alone does not justify judgment notwithstanding the verdict and may not substitute its judgment of the facts for that of the jury. O’Shaughnessy v. Besse, 7 Mass.App.Ct. 727, 738-39 (1979).
With respect to motions for a new trial, Rule 59 of the Mass.R.Civ.P. provides, in pertinent part “[A] new trial may be granted to all or any of the parties and on all or part of the issues ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the Commonwealth.” ■Although Rule 59 does not expressly pronounce the reasons for granting a new trial, the following are some specific grounds that have crystallized as a result of relevant case law; (1) a verdict against the weight of the evidence; (2) excessive or inadequate damages; (3) newly discovered evidence; (4) error by the judge who conducted the trial; (5) prejudice or misconduct of the jury; and (6) misconduct of counsel. See generally, J.W. Smith and H.B. Zobel, Rules Practice §59.2 at 441-42.
Chrysler has advanced five grounds in its motion notwithstanding the verdict and twenty-eight grounds in its motion for a new trial — some of which overlap. Many of the issues raised by Chrysler in its post-trial motions had been dealt with by the court prior to and during trial, after extensive argument and consideration of written submission. For reasons stated on the record at the relevant times and based on my rulings on various matters prior to verdict, I find it unnecessary to revisit most of these issues. I shall discuss only those matters which merit further attention.
Plaintiffs Recovery on the Wrongful Death Claims
Chrysler contends that Santos should not be permitted to share in the awards on the wrongful death claims because a jury found that he was ten percent negligent. Chrysler contends that Santos is not entitled to recover on those claims because he is the sole beneficiary and the jury found his negligence to have been a substantial contributing factor to the injuries and deaths of his wife and children. Chrysler cites the case of Arnold v. Jacobs, 316 Mass. 81 (1944), as support for the proposition that a sole beneficiary who contributed to cause the decedent’s death is not entitled to recover under the Massachusetts Wrongful Death Act. G.L.c. 229. In 1987, the Supreme Judicial Court observed that certain decisions, including Arnold, need not be followed as they were based on a version of the wrongful death statute that had been amended “significantly since those cases were decided.” Burt v. Meyer, 400 Mass. 185, 190, n.8 (1987). The court observed that the provisions of G.L.c. 229, §2, had been completely rewritten in 1973. Id. Further, the court in Arnold specifically stated that the question of whether a beneficiary will be allowed to profit from his own wrongdoing was not before it. Id. at 86. Additionally, since Arnold, the comparative negligence statute has been enacted and the law of contributory negligence has changed. G.L.c. 231, §85. Therefore, Arnold is not controlling.
Secondly, the jury also found that Chrysler had breached a warranty with respect to the minivan and that Santos had not unreasonably proceeded to use it knowing that the vehicle was dangerous or defective. Therefore, Santos is entitled to recover the full amount of money awarded by the jury without reduction for any contributory negligence. Correia v. Firestone Tire & Rubber Co., 338 Mass. 342, 357 (1983).
The Award of Robin Santos’s Future Lost Earnings
Chrysler contends in both post-trial motions that the court erroneously submitted to the jury the question of Robin Santos’s future lost earnings. The jury heard evidence that Robin Santos was forty-five years old at the time of her death and had never worked outside the home during her marriage to Paul Santos. The jury also learned that she was an educated woman with a masters degree in French language and literature, that she was active in community and church activities as well as her children’s school and extracurricular activities. Santos testified that his wife intended to rejoin the work force when her youngest child entered high school which would have been a few years from the date of her death. The plaintiff presented no evidence, through expert testimony or otherwise, as to what her likely profession or vocation would have been, about how much money Robin Santos probably would have earned, or what her contribution to the household would have been once *83 she began to work. There also was no evidence about Robin’s expected work life as opposed to her life expectancy. Under the wrongful death statute, G.L.c. 229, Santos is entitled only to the loss of his wife’s reasonably expected net income. Many contingencies enter into the calculation and the court must exercise caution in admitting such evidence. Lane v. Meserve, 20 Mass.App.Ct. 659, 666 (1985), review denied, 396 Mass. 1103 (1985). In this case, the jury was left to speculate about too many factors and there was insufficient evidence to support the verdict. Tosti v. Ayik, supra, at 494. Therefore, the court must grant Chiysler’s motion for a judgment notwithstanding the verdict with respect to the jury’s award of $600,000 for Robin’s future lost earnings.
Excessive Damages
Chrysler contends that the juiy award of a total of $12,800,000 in compensatory damages was excessive. Specifically, the jury assessed damages at $200,000 for Santos’s own personal injuries, $1,500,000 for the conscious pain and suffering of Robin Santos, $600,000 for the loss of reasonably expected net income from Robin, $3,000,000 for the loss of Robin’s services and loss of consortium and $2,500,000 for the loss of services and loss of consortium with respect to each of the three Santos children.
A motion for a new trial on the ground of excessive damages should not be granted unless the amount of damages is greatly disproportionate to the injury proved or represents a miscarriage of justice. MacCuish v. Volkswagen Werk A.G., 22 Mass.App.Ct. 380, 398 (1986), affirmed 400 Mass. 1003 (1987), quoting from doCanto v. Ametek, Inc., 367 Mass. 776, 787 (1975). The fact that there was no evidence on special damages does not require that the court reduce the damages awarded.
Santos’s loss in this case was catastrophic. He lost a wife whom he described as his best friend and the love of his life as well as three children who were very well loved. There was substantial evidence that the family was close and spent significant time together. Additionally, there was compelling evidence that Robin Santos suffered a slow and agonizing death over a period of six days after she learned of the tragedy which had befallen her family. In sum, the award was well within the jury’s province and, with the exception of the award for loss of reasonably expected net income, shall stand.
Requested Jury Instruction Regarding Tax Consequences
Chrysler contends that the court erroneously failed to instruct the jury that no part of the award would be subject to any federal or state taxes. Taxes were not the subject of any evidence or argument by counsel and therefore no instruction was required. Griffin v. General Motors Corp., 380 Mass. 362, 370 (1980); Leibovich v. Antonellis, 410 Mass. 568, 576 (1991).
Gross Negligence Standard
Chrysler contends that the court erred because it failed to instruct the jury that they must find by clear and convincing evidence that Chrysler was grossly negligent before they could award punitive damages. The contention is meritless. Under Massachusetts law the burden of proof in civil proceedings of this kind is satisfied “by a fair preponderance of the evidence.” Callahan v. The Fleischman Co., 262 Mass. 137, (1978). The burden of proof with respect to a gross negligence claim is not higher than fair preponderance. See, e.g., Marquis v. Messier, 303 Mass 553, 556 (1939).
Exclusion of Statistical Evidence
Chrysler attempted to offer the testimony of a Dr. Rose Ray (Ray), a statistician, to show that the Chrysler minivan was no more prone to accidents of the Santos type than any other minivans or other passenger vehicles. Chrysler argued that Dr. Ray’s testimony was necessary to rebut Santos’s contention that the Santos vehicle, and particularly Chrysler minivans, were prone to rear-wheel lock and were, therefore, unreasonably dangerous.
After reviewing her deposition and conducting a voir dire of Ray, the court excluded her testimony on the grounds that it was based on speculation, was not probative, and did not meet the “substantial similarity requirement” for this type of evidence. Specifically, Ray based her opinions on data taken from three sources: the federal “fatal accident reporting system” (FARS), and organization which collects information on vehicle registration, that is, the number of each type of vehicle registered, and traffic accident reports from six states— Florida, Alabama, Maryland, Michigan, New York and North Carolina.[3] The information contained in the FARS is derived from accident reports and coroner reports and pertains only to accidents involving at least one fatality. FARS contains no information whatsoever about whether any of the fatal accidents involved any defect in a braking system or involved rear-wheel lock, braking, skidding or loss of control. Ray testified that she “inferred” from the information in the FARS as to which reported accidents were likely to have involved skidding or spinning out of control but she had no engineering or automobile expertise to do this. Her opinion as to whether the accidents reported in FARS were related to loss of control similar to the Santos accident was based only on speculative assumptions. She had no knowledge of the cause of any of the accidents reported in the FARS. Nor was she able to eliminate differences in vehicle maneuver, driver level or driver condition. Ray did not distinguish among different kinds of collisions — rear-enders, frontal impact, and so forth. She included in her analysis accidents that involved as many as four vehicles.
In sum, there was no showing that these accidents were substantially similar to the one involving the vehicle in this case. See Kromhout v. Commonwealth, *84 398 Mass. 687, 693 (1986). Ray selected accidents from the EARS data which she thought were comparable to the Santos accident based on assumptions she made about the EARS data. However, the underlying data upon which Ray relied in formulating her opinion did not provide a reliable basis for the showing of substantial similarity. There was no direct information about whether braking or rear-wheel lock-up involved in the accident — the key issues in this case— and Ray’s assumptions about these matters were speculative. The reluctance of courts to admit statistical evidence “has stemmed largely from the fact that the probabilities on which the evidence depended were based on mere speculation or were characterized in such a way as to mislead or confuse the juiy.” Commonwealth v. Gomes, 403 Mass. 258, 274 (1988). Chrysler certainly was entitled to submit evidence of the absence of other accidents involving the minivan, but the predicate for doing so was that they be substantially similar. It was the requirement to which the court held the plaintiff in admitting evidence of other incidents involving the minivan. Statistical evidence without a foundation establishing substantial similarity between the incident forming the basis for an expert’s opinion and the incident at issue runs the risk of confusing and misleading the jury. See Kromhout v. Commonwealth, supra at 693.
I have considered each of the other arguments raised by Chrysler in the post-trial motions and find (hem to be without merit.
ORDER
For all of the foregoing reasons, the court ALLOWS Chrysler’s motion for judgment notwithstanding the verdict as it relates to the award of $600,000 for loss of Robin Santos’s reasonably expected net income. It is hereby ORDERED that a new judgment shall enter on that damage claim for the Chrysler Corporation. The motion for judgment notwithstanding the verdict is otherwise DENIED. It is further ORDERED that Chiysler’s motion for a new trial is DENIED.

 Upon agreement of counsel, the jury was not asked to determine whether Post Motors had breached any warranty.

 As Ray conceded in her deposition, she had no opinion as to whether there was a relationship between a vehicle’s performance or braking and risk of injury — so this data added nothing to her opinion.