WILLIAM J. BEATTY, administrator, *vs.* SAMUEL FOX (and a companion case[1]).

Norfolk. October 2, 1951. — January 4, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Damages,* For death, For tort. *Death. Practice, Civil,* Ordering verdict; Exceptions: what questions open.

An exception to the denial of a motion for a directed verdict for the defendant in an action does not raise any question concerning the amount of damages awarded by the jury.

G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A, provided for a recovery of at least the specified minimum amount of $2,000 without reference to pecuniary loss if the other elements of liability were proved: only on the question of damages between the minimum and maximum amounts specified was pecuniary loss material.

TWO ACTIONS OF TORT. Writs in the Superior Court dated September 1, 1948.

The actions were tried before *Donahue,* J.

---

[1] The companion case is that of the same plaintiff against Antonio Festino.

*F. G. Katzmann & M. J. Dray*, for the defendants, submitted a brief.

*H. D. White*, for the plaintiff.

QUA, C.J.   On September 4, 1947, Brenda B. Beatty, a child three years and three months of age, daughter of the plaintiff, was killed in Brookline by a motor vehicle owned by the defendant Fox and driven by his agent, the defendant Festino.

The declaration in each case contains a count for the death. There was evidence that Festino was negligent, and that the child was not contributorily negligent. The jury found for the plaintiff on the death count in each case in the amount of $5,300. The defendants' exceptions bring the cases here. In each case the only exception appearing in the record is to the denial of the defendant's motion for a directed verdict on the death count. In each case the only question raised is whether there was any evidence upon which damages for the death could be assessed or computed under the death statute in force at the time of the accident. In each case the defendant contends that the pecuniary loss, if any, sustained by the parents of this small child was not proved and remained a matter of conjecture, so that no verdict could be rendered therefor.

The statute in force at the time of the accident was G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A, the portions of which material to the question raised read as follows, "if any person . . . causes the death of a person in the exercise of due care who is not in his . . . employment or service, he . . . shall be liable in damages, in an amount not less than two thousand nor more than fifteen thousand dollars, to be assessed with reference to the pecuniary loss sustained by the parties entitled to benefit hereunder and recovered by the executor or administrator of the deceased person in an action of tort . . . ." See now G. L. (Ter. Ed.) c. 229, § 2C, inserted by St. 1949, c. 427, § 3, whereby the degree of culpability of the defendant is restored as the measure of damages.

We do not consider it necessary to state the evidence

bearing on pecuniary loss to the parents or to consider whether it warranted recovery beyond the statutory minimum of $2,000, since the only exceptions are to the refusal of directed verdicts for the defendants, and since we are of opinion that the statute is to be construed as calling for a recovery of at least $2,000 in any case where the other elements of liability exist. The only other construction would be to hold that the plaintiff must first prove pecuniary loss in some amount — possibly $100 or less — and would thereby become entitled to $2,000. This seems a strained construction. We think that it was intended to fix a lower limit and an upper limit to the amount recoverable, and that only in the area between those limits was the amount to be assessed with reference to the pecuniary loss sustained by the beneficiaries. Our death statutes have always contained maximum and minimum limits which must be observed, but between which damages were to be assessed by the jury, whether with reference to the degree of culpability, as in the older and again in the present statutes, or with reference to pecuniary loss, as in the statute here involved.

Since the record shows that in each case there was evidence for the jury of every element necessary for recovery, it was the duty of the jury, if they believed that evidence, to find for the plaintiff for at least the minimum amount of $2,000 whatever the evidence was on pecuniary loss, and the defendants' motions for directed verdicts in their favor could not properly have been granted.

*Exceptions overruled.*