## MASSACHUSETTS BONDING & INSURANCE CO. ET AL. v. UNITED STATES.

No. 31. Argued November 8, 1956.—Decided December 10, 1956.

*John R. Kewer* argued the cause for petitioners. With him on the brief were *John M. Hogan* and *Edward A. Crane.*

*Paul A. Sweeney* argued the cause for the United States. With him on the brief were *Solicitor General Rankin, Assistant Attorney General Doub* and *Herman Marcuse.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is a suit under the Federal Tort Claims Act, 28 U. S. C. §§ 1346 (b), 2674, to recover money damages from the United States on account of the death of one Crowley, caused by negligent operation of traveling cranes by various government employees in a federal

arsenal located in Massachusetts.[1] The Act makes the United States liable for the negligence of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U. S. C. § 1346 (b). That provision makes the law of Massachusetts govern the liability of the United States for this tort.

The Massachusetts Death Act, in relevant part, provides that a person, whose agents or servants by negligence cause the death of another not in his employment or service, "shall be liable in damages in the sum of not less than two thousand nor more than twenty thousand dollars, to be assessed with reference to the degree of his culpability or of that of his agents or servants." Mass. Ann. Laws, 1955, c. 229, § 2C. The assessment of damages with reference to the degree of culpability of the tort-feasor, rather than with reference to the amount of pecuniary loss suffered by the next of kin, makes those damages punitive in nature. That has been the holding of the Supreme Judicial Court of Massachusetts. As stated in *Macchiaroli* v. *Howell*, 294 Mass. 144, 147, 200 N. E. 905, 906–907, "The chief characteristic of the statute is penal." And see *Arnold* v. *Jacobs*, 316 Mass. 81, 84, 54 N. E. 2d 922, 923; *Porter* v. *Sorell*, 280 Mass. 457, 460–461, 182 N. E. 2d 837, 838–839.

The Tort Claims Act, however, provides in 28 U. S. C. § 2674 that:

> "The United States shall be liable . . . in the same manner and to the same extent as a private indi-

---

[1] Plaintiffs were the administratrix of Crowley and the insurer of Crowley's employer. The latter, having paid compensation to the decedent's dependents, was entitled to sue the tort-feasor under the Massachusetts Workmen's Compensation Act. Mass. Ann. Laws, 1949, c. 152, § 15.

vidual under like circumstances, but shall not be liable for interest prior to judgment or *for punitive damages.*

"If, however, in any case wherein death was caused, the law of the place where the act or omission complained of occurred provides, or has been construed to provide, *for damages only punitive in nature,* the United States shall be liable *for actual or compensatory damages,* measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought, in lieu thereof." (Italics added.)

The District Court accordingly held that, since the United States was liable for "actual or compensatory" damages and not for "punitive" damages, the minimum and maximum limits contained in the Massachusetts Death Act were not applicable. It entered judgment for the plaintiffs in the amount of $60,000. The Court of Appeals reversed, holding that the Massachusetts Death Act, though punitive, sets the maximum that may be recovered in compensatory damages under the Tort Claims Act. 227 F. 2d 385. The case is here on certiorari which we granted to review this important question of construction of the Tort Claims Act. 350 U. S. 980.

The provision of the Act, making the United States liable "for actual or compensatory damages" where the law of the place provides "for damages only punitive in nature," goes back to a 1947 amendment. Alabama [2] and Massachusetts [3] award only punitive damages for wrong-

---

[2] Ala. Code, 1940, Tit. 7, § 123; *Southern R. Co.* v. *Sherrill,* 232 Ala. 184, 193, 167 So. 731, 739–740; *Louisville & N. R. Co.* v. *Davis,* 236 Ala. 191, 198, 181 So. 695, 699–700; *Jack Cole, Inc.* v. *Walker,* 240 Ala. 683, 200 So. 768.

[3] For the period from January 1, 1947, to December 31, 1949, Massachusetts provided for a $2,000 minimum and a $15,000 maxi-

ful deaths. Controversies soon arose in those two States in suits under the Act, the Government maintaining that, since local law assessed only "punitive damages," it was not liable. Several bills were introduced to remedy the situation.[4] But the solution agreed upon was in a proposal tendered by the Comptroller General. In reference to the Alabama and Massachusetts rule, the spokesman of the Comptroller General stated:[5]

> "Since in those two states compensatory damages are not allowed, all that is required is to amend the Federal Tort Claims Act to say that in such states compensatory damages shall be allowed. . . . It is believed that that suggestion would eliminate the discrepancy and would make the settlement of claims in those two states to be exactly in accord with the general rules followed in the other 46 states . . . ."

The Government seizes on this statement and like ones in the Committee Reports (see S. Rep. No. 763, 80th Cong., 1st Sess., p. 2; H. R. Rep. No. 748, 80th Cong., 1st Sess., p. 2) to argue that unless the ceiling provided in the Massachusetts law is respected, discrimination against the United States will be shown in Massachusetts,

---

mum under a Death Act providing compensatory damages. Mass. Acts 1947, c. 506. See *Beatty* v. *Fox,* 328 Mass. 216, 102 N. E. 2d 781. But on January 1, 1950, Massachusetts reverted to its system of punitive damages. Mass. Acts 1949, c. 427. The ceiling on the recovery was raised to $20,000 in 1951. Mass. Acts 1951, c. 250.

[4] H. R. 3668, 80th Cong., 1st Sess., which would have made the United States liable for punitive damages where state law provided only for punitive damages; H. R. 3690, which in its original form would have repealed the prohibition against award of puntive damages.

[5] The hearings, excerpts of which are furnished us in the Government's brief, are not printed.

since over a dozen States have ceilings on compensatory damages. It is also argued that the sole purpose of the amendment was to permit recovery for wrongful death in the two States where punitive damages could be awarded, not to alter the measure of recovery in those States. It is true that Congress was not legislating as to ceilings. Congress was, however, legislating as to the *measure of the damages* that could be recovered against the United States. As a result of the 1947 amendment, the United States became liable not for "punitive damages" but for "actual or compensatory" damages, where the law of the place provides for damages "only punitive in nature." 28 U. S. C. § 2674. The measure of damages adopted was "the pecuniary injuries" resulting from the death.

It is argued that Massachusetts does not provide damages "only punitive in nature" within the meaning of the Act; that even punitive damages serve a remedial end, as recognized by the Massachusetts court under that State's Death Act. See *Sullivan* v. *Hustis*, 237 Mass. 441, 447, 130 N. E. 247, 249–250; *Putnam* v. *Savage*, 244 Mass. 83, 85, 138 N. E. 808, 809. It is said that Massachusetts law does not provide true punitive damages since the latter are never awarded for negligence alone and are generally imposed in addition to, not in lieu of, compensatory damages. These and related reasons are advanced for treating the Massachusetts measure of damages as the measure of "actual or compensatory" damages recoverable against the United States under the Act.

We reject that reasoning. The standard of liability imposed by the Congress is at war with the one provided by Massachusetts. The standard of liability under the Massachusetts Death Act is punitive—*i. e.*, "with reference to the degree" of culpability—not compensatory. The standard under the Tort Claims Act is "compensatory," *i. e.*, "measured by the pecuniary injuries" result-

ing from the death. There is nothing in the Massachusetts law which measures the damages by "pecuniary injuries." The Massachusetts law, therefore, cannot be taken to define the nature of the damages that can be recovered under the Tort Claims Act.

In those States where punitive damages only are allowed for wrongful death, a limitation on the amount of liability has no relevance to the policy of placing limits on liability where damages are only compensatory. By definition, punitive damages are based upon the degree of the defendant's culpability. Where a state legislature imposes a maximum limit on such a punitive measure, it has decided that this is the highest punishment which should be imposed on a wrongdoer. This limitation, based as it is on concepts of punishment, cannot control a recovery from which Congress has eliminated all considerations of punishment.

Nor can it be concluded that the amendment was designed to remove discrimination in Alabama and Massachusetts between the recoveries allowed in suits against the Government and in suits against individual defendants. The amendment, in fact, perpetuates those differences. In suits in those States, recovery against the Government and against a private defendant will not be the same in identical circumstances. Where the degree of fault is high, but the pecuniary injury slight, a large recovery will represent the degree of the individual defendant's culpability, but the Government will be liable only for the slight amount of damage actually done. On the other hand, where fault is slight, but the pecuniary injury great, the individual defendant's liability will similarly be less than that of the Government. These differences in recovery are inherent in the different measures of damages applicable in suits against the Government and against a private defendant where the State chooses

to provide a punitive measure of damages for wrongful death.. By adopting in such a State a compensatory measure of damages in suits against the Government, Congress deliberately chose to permit these substantial differences in recovery to exist. We therefore cannot infer that Congress has, at the same time, provided that maximum recoveries be identical.

The solution that Congress chose was (a) the adoption of the local law—whether punitive or compensatory—to determine the existence of liability of the United States, and (b) the substitution of "compensatory" for "punitive" damages where local law provides only the latter. When Congress rejected liability for "punitive" damages, we conclude it went the whole way and made inoperative the rules of local law governing the imposition of "punitive" damages. When Congress adopted "actual or compensatory damages," measured by the "pecuniary injuries," as the measure of liability in those States that awarded damages "only punitive in nature," we conclude it did not preserve as a limitation on "compensatory" damages the limitation imposed by local law on "punitive" damages. It would require considerable tailoring of the Act to make it read that way. We refuse the invitation to achieve the result by judicial interpretation.

*Reversed.*

MR. JUSTICE HARLAN, concurring.

Although I join in the Court's opinion in this case, the importance of the question impels me to add a word to what MR. JUSTICE DOUGLAS has written. The problem is not an easy one, and I do not think that inquiry can stop with a literal reading of the terms of the statute, plain though they may appear to be. Taking, as I think we should, § 2674 (2) within the wider context of the purpose of the Tort Claims Act as a whole, I am still not convinced

that Congress intended the $20,000 limitation in the Massachusetts punitive statute to apply to recoveries under the Tort Claims Act.

In applying that limitation, the underlying reasoning of the Court of Appeals was that § 2674 (2) must not be read as subverting the overriding philosophy of the Tort Claims Act, that is, that the Government should be liable "in the same manner and to the same extent" as a private individual under state law would be liable. It therefore argued that although § 2674 (2) departed from this philosophy when it made recovery compensatory rather than punitive in instances where the state remedy was punitive, the section in every other respect should be construed harmoniously with this philosophy, and that therefore maxima in state statutes should apply to recoveries against the Government as well as private individuals, even though such a statute is punitive.

But it seems to me that the whole purpose and reason for the enactment of § 2674 (2) was to differentiate between the Government and private defendants in the "manner" and "extent" of recovery in the particular cases where it applied, and I can find no good reason for giving the section only partial effect. In no case in Alabama or Massachusetts will a plaintiff recover from the Government "in the same manner" as he would against an individual defendant, and in no case, except by fortuitous circumstance, will he recover to "the same extent." In both of these States if a highly culpable defendant causes small pecuniary injury, he will be "punished" at a high figure, whereas the Government will merely pay the small amount of compensation. Or if a merely careless defendant causes high pecuniary damage, he is punished at a low figure under state law, while the Government must pay for the heavy damage done. In both cases, the effect of the statute is to make the Government liable in a *different*

manner and to a *different* extent than a private individual under the same circumstances; this, indeed, was the very purpose of the amendment. I therefore do not see why this purposeful differentiation in "manner" and "extent" of recovery should stop at the problem of maximum recoveries. Since the Government is by the very statute made liable on a different basis than a private individual and will in every case pay a different amount than would a private individual, why does it offend the philosophy of the Act to make the Government liable for more than a private individual would pay? Thus, while it is true that in general the Tort Claims Act makes the United States *pro tanto* a private defendant, the very purpose of § 2674 (2) was to prevent this assimilation in States where recovery is punitive. It seems to me, therefore, that there is no reason to re-establish the assimilation on this one matter of maximum allowable recovery.

Furthermore, I find it unlikely that Congress would have intended to subject plaintiffs to a maximum which was established for reasons of policy irrelevant to litigation under the Tort Claims Act. Massachusetts has decided that for reasons of policy—possibly because of the danger of excessive jury verdicts in "punitive" cases—recovery under its punitive statute should be limited to $20,000. The statute being penal, it embodies the judgment of the legislature that the highest *punishment* that should be imposed for nonhomicidal death is this figure. But as soon as punishment has nothing to do with the lawsuit—as it does not in suits under § 2674 (2)—and as soon as recovery is for compensation of the victim rather than punishment, then the policy reasons on which the $20,000 limit are based vanish. Massachusetts might, of course, impose a limit on compensatory recoveries as well. It did so for a short time, but then repealed the statute. But it is clear that the limit embodied in *this*

statute has nothing to do with a compensatory suit; the factors which led to the imposition of *this* maximum are irrelevant when damages are not punitive. It would therefore seem to me just as artificial to take the $20,000 limit of this statute and impose it on a Tort Claims Act recovery as it would be to use as a limit a maximum figure taken from a state criminal statute imposing a fine for negligent homicide. The limitation in the Massachusetts penal statute was arrived at under penal concepts, and should not be artificially imposed on a recovery from which penal considerations have been eliminated by congressional mandate.

The Court of Appeals suggests that if the Massachusetts "punitive" maximum were not applicable, the Government would be put at a unique disadvantage in Massachusetts, since the death statutes of some twelve other States place limitations on recovery which concededly would be applicable to the United States under the provisions of the Tort Claims Act. But the limitations in these other States all relate to compensation statutes, and I do not, of course, suggest that such a limitation in Massachusetts would not also apply to the Government. The resulting lack of symmetry in the operation of the Act as between Massachusetts and the other States having . death recovery maxima, seems to me no greater than it is as between such States and those which impose no monetary limitation on death recoveries. Moreover, symmetry in the first aspect can only be achieved at the expense of offending "the general scheme of the Tort Claims Act to refer questions of liability of the United States to the provisions of 'the law of the place where the act or omission complained of occurred,' " * since Massachusetts does not recognize compensatory actions.

---

*227 F. 2d 385, 391.

I think, therefore, that recovery of actual compensatory damages is, in this case, in full accord with the philosophy of the Tort Claims Act.

MR. JUSTICE FRANKFURTER, whom MR. JUSTICE REED, MR. JUSTICE CLARK, and MR. JUSTICE BRENNAN join, dissenting.

The scope of this case, though involving a general Act of Congress, is geographically constricted; the holding is applicable only to actions under the Federal Tort Claims Act arising out of wrongful deaths in Massachusetts. The Court, finding the words of the Federal Tort Claims Act clear, reversed the judgment of the Court of Appeals, which has special responsibility for interpreting federal law in matters unique to its circuit.

Underlying the Court's reasoning is the belief that the language of the 1947 amendment is so clear that it would require creative reconstruction of the amendment to limit the amount of the judgment to the maximum recoverable under the Massachusetts Death Act. On more than one occasion, but evidently not frequently enough, Judge Learned Hand has warned against restricting the meaning of a statute to the meaning of its "plain" words. "There is no surer way to misread any document than to read it literally . . . ." *Guiseppi* v. *Walling*, 144 F. 2d 608, 624 (concurring opinion). Of course one begins with the words of a statute to ascertain its meaning, but one does not end with them. The notion that the plain meaning of the words of a statute defines the meaning of the statute reminds one of T. H. Huxley's gay observation that at times "a theory survives long after its brains are knocked out." One would suppose that this particular theory of statutory construction had had its brains knocked out in *Boston Sand & Gravel Co.* v. *United States*, 278 U. S. 41, 48.

The words of this legislation are as plain as the Court finds them to be only if the 1947 amendment is read in misleading isolation. An amendment is not a repeal. An amendment is part of the legislation it amends. The 1947 amendment to the Federal Tort Claims Act of 1946 must be read to harmonize with the central purpose of the original Act. The central purpose of the original Act was to allow recovery against the United States on the basis and to the extent of recoveries for like torts committed by private tortfeasors in the State in which the act or omission giving rise to the claim against the United States occurred. The 1947 amendment filled the gap, a very small gap, that was disclosed in the scheme formulated by the 1946 Act.

The gap was the situation revealed in two of the forty-eight States, Alabama and Massachusetts. When the Federal Tort Claims Act was passed, the Death Acts of both Alabama and Massachusetts provided for assessment of the defendant's liability for damages on a punitive basis. In Alabama, however, there was no maximum limitation on the recovery, and the problem of this case—whether a recovery in excess of the statutory maximum recoverable against a private employer can be had against the United States—is therefore unique to recovery against the United States under the Massachusetts Death Act. In filling the gap, Congress was concerned only to provide for recovery against the United States for wrongful deaths in Massachusetts and Alabama and to provide for recovery, as did the original Act, on a compensatory not a punitive basis. There is nothing to indicate, and it is unreasonable to suppose, that Congress meant a recovery in Massachusetts to be unlimited in amount in the face of the State's statutory limitation at the same time that recoveries in the dozen other States with statutory limitations would be restricted. Such a construction not only takes Massachusetts plaintiffs out of the general

scheme of the Federal Tort Claims Act. It does so by putting them in a better position than plaintiffs in the dozen other States with statutory ceilings. This imputes to Congress a desire to correct the inequity in the 1946 Act by creating an inequity in the 1947 amendment.

Of course the Massachusetts limitation is contained in a statute in which damages are related to a punitive rather than a compensatory basis. The purpose of the 1947 amendment was to allow recovery against the United States when the governing state statute measured damages on such a basis. With this sole exception that the state statute puts the recovery on a harsher basis, the state statute is the governing statute. It may well be that if Massachusetts were to enact a statute restricting recovery to compensatory damages, it would impose a different ceiling. But that is no reason for rejecting the ceiling in the present statute. It does not comport with good sense and reason to suppose that a State would impose a higher ceiling on a recovery based on compensatory damages than it does when it allows punitive damages. This common-sense assumption is supported by the fact that during the brief period from 1947 through 1949, when the Massachusetts statute did measure damages solely on a compensatory basis, the ceiling was fixed at $15,000. This was the same ceiling that was in the previous statute which measured damages on a combined punitive and compensatory basis and the same ceiling that was in the immediately subsequent statute which measured damages solely on a punitive basis. To deny effect to this common-sense assumption is to elevate the literal reading of the 1947 amendment above the central basis of the Federal Tort Claims Act, the assimilation of recovery under federal law to recovery under state law.

The Court of Appeals for the First Circuit, in an opinion by Chief Judge Magruder, construed the 1947

amendment in order to harmonize it with the central purpose of the Federal Tort Claims Act. Since elaboration of my reasons for agreeing with the interpretation of the Court of Appeals could only be a paraphrase of its opinion, I rest my dissent from the Court's judgment on what I regard as the substance of that opinion:

"In the process of enactment of the foregoing amendment [the 1947 Act], the committee reports in both the House and Senate, after pointing out that under the scheme of the Federal Tort Claims Act each case is determined 'in accordance with the law of the State where the death occurred,' made the following comment:

" 'This bill simply amends the Federal Tort Claims Act so that it shall grant to the people of two States the right of action already granted to the people of the other 46.

" 'This bill, with the committee amendment, will not authorize the infliction of punitive damages against the Government, and as so amended, it is reported favorably by a unanimous vote.

" 'Its passage will remove an unjust discrimination never intended, but which works a complete denial of remedy for wrongful homicide.' H. R. Rep. No. 748, Committee on the Judiciary, 80th Cong., 1st Sess.; Sen. Rep. No. 763, Committee on the Judiciary, 80th Cong., 1st Sess.

.        .        .        .        .

"Under the provisions of the Federal Tort Claims Act as they now appear in Title 28 of the Code, it is still true that Congress has not enacted a new comprehensive code of federal tort liability. It is still true that the Act in general calls for an application of the law of the state where the wrongful act or

omission occurred. Also, the generalization is still in the law that the United States is to be held liable in tort 'in the same manner and to the same extent as a private individual under like circumstances.' The exceptional situation covered by the second paragraph of 28 U. S. C. § 2674 [that is, the 1947 amendment] applies only to two of the 48 states, for in 46 of the states recovery under their respective Death Acts rests upon a compensatory basis. In about a dozen of these 46 states, the local Death Act contains some maximum limit on the amount of recovery. . . . In these states, as the plaintiffs are bound to concede, the United States could not be liable for more than the statutory maximum permitted by state law in suits against private employers. Such is the clear mandate of the first paragraph of 28 U. S. C. § 2674.

.　　　.　　　.　　　.　　　.

"As suggested above, the 1947 amendment to the Tort Claims Act did make a partial break in the original pattern of the Act in that, wherever the amendment was applicable, it became possible (1) that the United States might be held liable for a greater sum of damages, assessed on a compensatory basis, than might be assessed under the local Death Act against a private employer in cases in which the wrongdoer was deemed to have been guilty of the minimum degree of culpability, and (2) the United States might be liable for no substantial damages at all, where the plaintiff failed to prove any pecuniary injury to the next of kin . . . though under the local Death Act a private employer might be subject to large damages assessed on a punitive basis. Thus in either of these situations the United States would

not be liable 'to the same extent' as a private employer under like circumstances, which is the generally applicable standard in the first paragraph of 28 U. S. C. § 2674.

"But we think it is unnecessary to construe the 1947 congressional amendment, which was intended to remove what was deemed to be a discrimination in a very narrow situation, so as to effectuate a far greater discrimination and incongruity. If the contention of the plaintiffs were accepted, then in Massachusetts alone, of all the states whose respective Death Acts contain a maximum limit of recovery, the United States may be held liable in an amount in excess of the maximum limit of recovery permitted against a private employer. [Footnote omitted.]

"The plaintiffs would have us read literally, and in isolation, the language of the second paragraph of 28 U. S. C. § 2674 that, in lieu of punitive damages, 'the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought.' It is argued that since the damages, so computed, have been found to be $60,000, and since the Congress has imposed no maximum limit of recovery, then necessarily, by the very command of the Congress, the judgment against the United States here must be in the sum of $60,000.

"The trouble with the foregoing argument is that the Federal Tort Claims Act, as amended, must be read as an organic whole. In 1947, when the Congress enacted the amendment, it demonstrated no objection to that portion of the Massachusetts Death Act which contained a maximum limit of recovery. That was purely a matter of local legislative policy,

and if a private employer could not be held for more than $20,000, then the Congress, in waiving the governmental immunity of the United States, had no reason to impose a liability upon the United States in excess of the maximum limit applicable to a private employer. What the Congress did not want was to have damages assessed against the United States on a punitive basis. We give full effect to the language of the congressional amendment if we assess damages against the United States on a compensatory basis measured by the pecuniary injuries resulting to the next of kin. Having done that, and if the amount so computed is in excess of $20,000, it is in no way inconsistent to cut down the larger sum to $20,000, the maximum amount recoverable under the terms of the Massachusetts Death Act. All of the $20,000 to be recovered in such a case would be compensatory damages—not one cent of it would be punitive damages—and thus there would be achieved the congressional objective of preventing the infliction of punitive damages against the United States. In other words, except where Congress has clearly provided otherwise, it is the general scheme of the Tort Claims Act to refer questions of liability of the United States to the provisions of 'the law of the place where the act or omission complained of occurred.' Thus we must look to the local law to see who is entitled to sue, and for whose benefit; we must look to the local law on whether contributory negligence of the decedent, or a release by him during his lifetime, bars the action for wrongful death; and we must also apply the provision of the local law as to the maximum amount of recovery, for in none of these particulars is there any inconsistent provision in the federal Act." 227 F. 2d 385, 388–391.