Ruth A. TAYLOR, individually, as Executrix of Raymond M. Taylor, Deceased, and as Next Friend of Barbara Taylor, an infant, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 205–63.

United States District Court
D. New Jersey.

Oct. 2, 1964.

Platoff, Platoff & Heftler, Union City, N. J., by Irwin Waldman and Joseph S. Lobenthal, Jr., New York City, for plaintiff.

David M. Satz, Jr., U. S. Atty., by Edward J. Turnbach, Asst. U. S. Atty., and Vincent H. Cohen, Department of Justice, for defendant.

WORTENDYKE, District Judge.

The plaintiff invoked the Court's jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Recovery of damages is sought under the New Jersey Wrongful Death Act, for the death of plaintiff's testator, and under the New Jersey Survivorship Statute for damages sustained by the decedent before his death, charged to have resulted from alleged malpractice by the United States Veterans' Administration Outpatient Clinic in Newark, New Jersey. An additional cause of action by the plaintiff, as guardian ad litem of an infant daughter of the decedent, was dismissed at the pretrial conference.

The gravamen of the action is found in the allegations of the complaint that an agency of the Government violated its duty to diagnose and treat a disease which was not service-connected, and in the development of which the agency was not instrumental.

The Veterans' Administration Outpatient Clinic in Newark, New Jersey is a nonprofit clinic, established by the agency pursuant to 38 U.S.C. § 612(a), to render medical care and treatment to veterans for service-connected injuries.

The ad damnum of the complaint seeks damages in the amount of one million dollars.

The Government contends that the ad damnum should be reduced to $10,000 because no more than that amount may be recovered as a matter of law of the State of New Jersey. It is the contention of the Government, upon its present motion, that under the circumstances alleged in the complaint, the United States, as a private person, would not be liable to the plaintiff under the law of the State of New Jersey, where the cause of action arose, because N.J.S. 2A:53A-7, N.J.S.A., provides that "No nonprofit corporation, society or association organized exclusively for * * * hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; * * *." and N.J.S. 2A:53A-8, N.J.S.A., provides that, notwithstanding the foregoing provision, "any nonprofit corporation, society or association organized exclusively for hospital purposes shall be liable to respond in damages to such beneficiary who shall suffer damage from the negligence of such corporation, society or association or of its agents or servants to an amount not exceeding $10,000.00, together with interest and costs of suit, as the result of any 1 accident and to the extent to which such damage, together with interest and costs of suit, shall exceed the sum of $10,000.00 such nonprofit corporation, society or association organized exclusively for hospital purposes shall not be liable therefor." The Government argues that, unless the $10,000 recovery limitation is applied to a Veterans' Hos-

pital or Clinic, the liability of the United States may be extended beyond the provision of 28 U.S.C. § 1346(b) which permits recovery only to the extent to which it would be available against a private person under the law of New Jersey. This contention poses the question whether the United States, or its agency, the Veterans' Administration, is a "nonprofit corporation, society or association organized exclusively for hospital purposes" as that phrase is used in N.J.S. 2A:53A–8, N.J.S.A.

While the United States of America might be considered a public corporation, it is certainly not a nonprofit corporation organized exclusively for hospital purposes. Neither is the Veterans' Administration. If we are to apply the New Jersey law, in determining whether a hospital is liable in damages for negligence to a beneficiary, section 7 of the New Jersey Statute expressly prohibits the recovery of such damages by the beneficiary. The following section of the same Statute, N.J.S. 2A:53A–8, N.J.S.A., authorizes the recovery of such damages from a nonprofit corporation organized exclusively for hospital purposes, but limits the quantum thereof.

"The language of the [Federal Tort Claims] Act makes the United States liable 'respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances'. 28 U.S.C. § 2674. This statute is another example of the progressive relaxation by legislative enactments of the rigor of the immunity rule. Through such statutes that changed the law, organized government expresses the social purposes that motivate its legislation. Of course, these modifications are entitled to a construction that will accomplish their aim, that is, one that will carry out the legislative purpose of allowing suits against the Government for negligence with due regard for the statutory exceptions to that policy. In interpreting the exceptions to the generality or the grant, courts include only those circumstances which are within the words and reason of the exception. They cannot do less since petitioners obtain their 'right to sue from Congress [and they] necessarily must take [that right] it subject to such restrictions as have been imposed.' " Dalehite v. United States, 1953, 346 U.S. 15, 30–31, 73 S.Ct. 956, 965, 97 L.Ed. 1427.

In Richards v. United States, 1962, 369 U.S. 1 at p. 11, 82 S.Ct. 585 at p. 592, 7 L.Ed.2d 492, the Supreme Court held that, with regard to what conflict of laws rule applies under the Tort Claims Act, " * * * we conclude that a reading of the statute as a whole, with due regard to its purpose, requires application of the whole law of the State where the act or omission occurred." In Richards, personal representatives of passengers killed when a commercial plane crashed in Missouri, sued in the United States District Court for the Northern District of Oklahoma, charging the Federal Aviation Agency with negligence in the enforcement of the Civil Aeronautics Act. The Supreme Court, in affirming the dismissal of the action upon grounds not here immediately relevant, held that the Death Act of Missouri, the place of the crash, controlled the case and pointed out (p. 16, 82 S.Ct. p. 595) that since "each petitioner has received $15,000, the maximum amount recoverable under the Missouri Act, * * * the petitioners thus have received full compensation for their claims." See also United States v. Massachusetts Bonding & Ins. Co., 1 Cir. 1955, 227 F.2d 385, reversed on other grounds, 1956, 352 U.S. 128, 77 S.Ct. 186, 1 L.Ed.2d 189; Knecht v. United States, 3 Cir. 1957, 242 F.2d 929.

In the case at bar we are relegated to the determination of the question whether a United States Veterans' Administration hospital is within the exception created by the language of section 2A:53A–8 of the New Jersey statute, to the immunity unqualifiedly granted by section 2A:53A–7. The answer to that question turns upon an interpretation of the language of the exception.

The doctrine of charitable hospital immunity from tort liability to a beneficiary of the hospital's services was rejected in New Jersey by Collopy v. Newark Eye & Ear Infirmary, 1958, 27 N.J. 29, 141 A.2d 276. In that case Mr. Justice Jacobs, writing for the Court, stated at p. 46, at p. 286 of 141 A.2d: "It seems to us beyond question that, absent any definitive legislative public policy, this court has full power to overrule the earlier declaration by the Court of Errors and Appeals [D'Amato v. Orange Memorial Hospital, E&A 1925, 101 N.J.L. 61, 127 A. 340] either because it was originally erroneous or because it has become unsound in the light of modern conditions." Apparently taking its cue from the suggestion in Collopy, supra, the New Jersey legislature has enacted that a nonprofit corporation, organized exclusively for hospital purposes, shall be liable in damages to a beneficiary of its services for the negligence of its agents or servants. Thus the public policy of the State of New Jersey has been legislatively stated as at variance with the theory of tort immunity for charitable hospital corporations. However, the same statute has provided a limit of $10,000 upon the damages recoverable from such an institution for such cause. The limitation prescribed in N.J.S. 2A:53A-8, N.J.S.A. must be strictly construed in view of the unqualified provisions of N.J.S. 2A:53A-7, N.J.S.A., which clothes a nonprofit corporation organized exclusively for hospital purposes with the complete immunity previously recognized by the New Jersey judicial decisions.

Neither the United States of America nor its agency, the Veterans' Administration may be construed as a nonprofit corporation organized exclusively for hospital purposes. Cf. White v. United States, 4 Cir. 1963, 317 F.2d 13, 16; Grigalauskas v. United States, D.C.Mass.1951, 103 F.Supp. 543, 550-551, affd. 1 Cir. 1952, 195 F.2d 494; Fulmer v. United States, D.C.Neb.1955, 133 F.Supp. 775, 788-789. And see Tessier v. United States, D.C.Mass.1958, 164 F.Supp. 779, affd. 1 Cir. 1959, 269 F.2d 305, holding that a state immunity statute should not be read into the Tort Claims Act which is a waiver of immunity. Therefore, the $10,000 limitation upon the recoverable damages prescribed by N.J.S. 2A:53A-8, N.J.S.A. is inapplicable to the United States Veterans' Administration hospital or clinic.

The Government's motion to limit the ad damnum clause of the complaint to $10,000 is denied. Let an order be submitted.