Juanita PRESTON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 85–957C(1).

United States District Court, E.D. Missouri, E.D.

Jan. 6, 1986.

As Amended Jan. 8, 1986.

James P. Holloran, St. Louis, Mo., for plaintiff.

Henry J. Fredericks, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

In this action, plaintiff seeks to recover damages for personal injuries received by the plaintiff as a result of a fall on steps at the Veteran's Administration Hospital located at Jefferson Barracks, St. Louis County, Missouri.

This case was tried to this Court sitting without a jury. This Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, and the stipulations of the parties, and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure. *Fed.R.Civ.P.* 52.

## FINDINGS OF FACT

1. Plaintiff is a United States citizen, a citizen of the State of Missouri.

2. The defendant United States of America owned and operated the Veteran's Administration Hospital located at Jefferson Barracks, St. Louis County, Missouri, including the steps where plaintiff fell.

3. On November 9, 1983, plaintiff and Rhonda Ford, plaintiff's daughter and a nurse at the Veteran's Hospital, drove to the hospital and parked their car. They arrived slightly before 5:00 p.m., while some daylight remained. After leaving the car, both women walked toward the rear door of Building 61 on the hospital grounds. Plaintiff and her daughter climbed four steps to a landing in front of the door and passed through the door. Plaintiff intended to visit a patient at the hospital and to watch her daughter bowl. Plaintiff had used this entrance twice in the preceding months.

4. Shortly before 7:00 p.m. on the same evening, the two women and Carl Williams, an employee at the hospital, left the building through the same door. Williams opened the door, and plaintiff stepped out onto the landing. At that time, it was dark and raining. Some light shown from inside the building onto the landing, but this light did not illuminate the stairway. Plaintiff was unable to see the stairway due to darkness. Plaintiff stepped onto the landing, then stepped off the stairs and fell to the ground.

5. A light above the rear door to Building 61 was not operating at the time of the accident. This light bulb had burned out sometime before plaintiff's fall. No other electrical lights shown on the stairs. Officer Walter Roberts, a Veteran's Administration policeman, had received complaints about the burned out light bulb from hospital employees and had noted the light several times in his journal or special reports. This information went to the Director of the Veteran's Administration and the Engineering Department, which was responsible for replacing light bulbs.

6. As a result of her fall, plaintiff sustained injuries to her head and her right knee, foot, and elbow. Immediately after her fall, plaintiff was treated at the Veteran's Administration Hospital at Jefferson Barracks, then transferred to the John Cochran Veteran's Administration Hospital for further treatment. On November 10, 1983, plaintiff was treated by Fred C. Reynolds, M.D. Upon performing an x-ray examination, Reynolds found a fracture of the head of the radius of plaintiff's right arm. Reynolds placed plaintiff's elbow in a cast and recommended a regimen of rehabilitative exercise. Reynolds reexamined the cast one week later. During the following month, plaintiff was treated by Roy W. Holland, M.D.

7. In February, 1985, Reynolds again examined Preston. At that time, she complained of pain and swelling in her right knee. Reynolds found extra fluid on the knee and crepitation upon movement of the joint. Reynolds also determined that plaintiff suffered from arthritis which affected her right knee.

8. Plaintiff has permanently lost 10% of the functioning of her right elbow and 30% of the functioning of her right knee. Plaintiff also experienced pain and suffering as a result of her fall. Plaintiff has been damaged in the amount of $23,000.00.

9. Regarding plaintiff's fall, plaintiff and defendant were each 50% at fault.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter under 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671–80 (1982).[1]

1. The Government asserts that the plaintiff failed to comply with 28 U.S.C. § 2675(a) (1982). That section requires claimants suing under the Federal Tort Claims Act to present their claim to the appropriate federal agency and to have the claim finally denied by the agency before suing in court. Claimants satisfy § 2675(a) if they (1) give the agency written notice of their claim sufficient to enable the agency to investigate the claim and (2) place a value on their claim. *Adams v. United States,*

Under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1982), this Court must apply the substantive law of the state where the accident occurred. *Massachusetts Bonding and Insurance Company v. United States*, 352 U.S. 128, 77 S.Ct. 186, 1 L.Ed.2d 189 (1956). In this case, the accident occurred at Jefferson Barracks in St. Louis County, Missouri; therefore, this Court must apply the substantive law of Missouri.

The parties agree that Preston was on the hospital grounds as an invitee. Regarding the duty of a landowner to an invitee, Missouri courts apply the Restatement (Second) of Torts §§ 343 and 343A(1) (1965).[2]

■ It is clear 1) that the appropriate administrators knew of the burned out light bulb and of employee complaints concerning the darkened stairs, *see Findings of Fact* No. 5, 2) that such stairs constitute a hazardous condition, *see Findings of Fact* Nos. 4 and 5, and 3) that the darkness made discovery of the stairs difficult. Furthermore, the Court concludes that defendant failed to exercise reasonable care to protect invitees. Defendant knew that the door was used with some frequency and could have easily made the stairs safe by replacing the light bulb. *See Findings of Fact* No. 5. Under these circumstances, the failure of defendant to remedy the situation was negligent and a proximate cause of plaintiff's injuries.

Defendant contends that plaintiff's negligence was an additional proximate cause of her injuries. This Court agrees.

■ A person is required to make reasonable use of her ability to see, hear, and think to discover dangers to which she is exposed, and a failure to do so is negligence. *See Phillips Petroleum Company v. Miller*, 84 F.2d 148, 153 (8th Cir.1936); *Phillips v. Morton Frozen Foods*, 313 F.Supp. 228, 232 (E.D.Ark.1970). In this case, plaintiff stepped onto the platform and continued walking despite the total darkness before her. Moreover, since plaintiff had entered through the same door just hours earlier, plaintiff should have known of the stairs and proceeded with greater caution. *See Findings of Fact* No. 3. Thus, plaintiff was negligent, and her negligence was a proximate cause of her injuries.

■ Missouri courts do not follow the doctrine of contributory negligence, rather they apportion damages between the parties who are at fault. In *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983), the Missouri Supreme Court adopted the Uniform Comparative Fault Act §§ 1–6, 12 U.L.A. Supp. 35–45 (1983). Under this system of comparative negligence, a plaintiff's contributory negligence does not operate to bar recovery altogether, but does serve to reduce damages in proportion to fault. *See* W. Prosser, *The Law of Torts*, § 67 (W. Keeton 5th ed. 1984). Accordingly, this Court finds the defendant was 50% at fault and the plaintiff was 50% at fault. *See Findings of Fact* No. 9.

As a result of her fall, plaintiff sustained injuries to her right arm and right leg. *See*

615 F.2d 284, 289 (5th Cir.1980); *Reynoso v. United States*, 537 F.Supp. 978 (N.D.Calif.1982). Plaintiff, through her attorney, wrote Don Ramsey, Regional Director of the Veteran's Administration. In the letter, plaintiff set out the facts surrounding her accident and the extent of her injuries. In addition, plaintiff demanded $200,-000.00 in compensatory damages. This Court finds this letter sufficient to satisfy the requirements of 28 U.S.C. § 2675(a).

**2. Section 343** provides as follows:
A possessor of land is subject to liability for physical harm caused to his *invitees* by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and should real-

ize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.
**Section 343A** provides as follows:
A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

526

*Findings of Fact* No. 6. These injuries resulted in a 10% impairment of plaintiff's right elbow and a 30% impairment of her right knee. Dr. Reynolds testified that these injuries will not improve over time. He could recommend no medical treatment to help plaintiff's elbow and recommended surgery for her knee only if its condition grows worse. *See Findings of Fact* No. 8. The plaintiff was in good health at the time of her fall. Following the accident, she experienced pain, discomfort, and restrictions to her everyday activities.

Accordingly, this Court finds damages of $20,000.00 for the permanent impairment of plaintiff's knee. As to her elbow, plaintiff's damages are minimal. As to general pain and suffering resulting from her fall, this Court finds damages of $3,000.00. After reducing these amounts to account for plaintiff's fault, this Court finds for the plaintiff in the amount of $11,500.00. *See Findings of Fact* No. 9.