ESTATE OF Todd C. WARNER, Deceased, by Lynda WARNER, Personal Representative, Plaintiff,

v.

UNITED STATES of America, Lester Caldwell, Stefanie Rixecker, and Matthew C. Johnston, Defendants.

UNITED STATES of America, Third-Party Plaintiff,

v.

Charles LUDMER, M.D., Nicole Krein, M.D., Eugene D. Mindel, M.D., Evanston Hospital Corporation, an Illinois corporation, Northcare Medical Group, S.C., an Illinois corporation, and Prudential Health Care Plan, Inc., a foreign corporation, Third-Party Defendants.

No. 85 C 3200.

United States District Court, N.D. Illinois, E.D.

Sept. 24, 1987.

---

Larry R. Wikoff, Brody, Gore, Fineberg & Wikoff, Ltd., Chicago, Ill., for plaintiffs.

Martin B. Lowery, Asst. U.S. Atty., for third-party plaintiff.

Fredric J. Grossman, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, Ill., for Nicole Krein, M.D. and Northcare Medical Group, S.C.

Matthew A. Rooney, Mayer, Brown & Platt, Chicago, Ill., for Northcare Medical Group, S.C.

Carmel M. Cosgrave, James J. O'Hagan, Joseph A. Norton, James P. Balog, Querrey, Harrow, Gullanick & Kennedy, and Michael J. Gill, Denise L. Jarrard, Isham, Lincoln & Beale, Chicago, Ill., for Rixecker.

Brian T. Henry, Robert J. Adams, Pretzel & Stouffer Chtd., Chicago, Ill., for Ludmer and Evanston Hosp.

Edward J. Zulkey, Baker & McKenzie, Chicago, Ill., for Johnston.

Richard A. Barrett, Jr., Cassiday, Schade & Gloor, Chicago, Ill., for Mindel.

Mark L. Karasik, Baker & McKenzie, Chicago, Ill., for Prudential Health Care Plan, Inc., a foreign corp., third-party defendant.

## ORDER

NORGLE, District Judge.

This case comes before the court on the third-party defendants' motion to strike and dismiss the third-party complaint filed by the United States of America. *See* Fed. R.Civ.P. 12(b)(6). They seek, in the alternative, to stay or to sever this action. Fed.R. Civ.P. 14. For the reasons stated below, the motion to strike and dismiss is granted.

## FACTS

On April 17, 1983, Lester Caldwell, an agent of the United States government operating a government squad car, was pursuing an automobile driven by Stefanie Rixecker. Rixecker was attempting to escape a lawful arrest. Rixecker's automobile collided with another car driven by Matthew Johnston, causing injuries and the death of Todd Warner, a passenger in Johnston's car. The estate of Todd Warner brought this action against the United States of America, Lester Caldwell, Stefanie Rixecker, and Matthew Johnston. Count I of the complaint alleges the United States' negligent failure to properly instruct and train Caldwell in safe procedures of police pursuit resulted in Caldwell carelessly and negligently pursuing Rixecker. Count I also alleges the United States was negligent in allowing certain trees and shrubs on its property to obstruct the vision of motorists at the scene of the accident.

Ms. Rixecker brought an action in the Circuit Court of Cook County, Illinois, against Dr. Charles Ludmer, Dr. Nicole Krein, Dr. Eugene Mindel, Evanston Hospital, Northcare Medical Group, and Prudential Health Care Plan. Rixecker's complaint alleges that at the time of the collision she was suffering from a psychiatric condition and an overdose of a barbiturate drug which she had ingested in a suicide attempt three days before the accident. The complaint alleges negligence in the diagnosis, treatment and evaluation of Ms. Rixecker's psychiatric illness and barbiturate intoxification, her premature release from hospitalization, and failure to give adequate instruction to her or her parents

concerning the type of care, control and supervision appropriate after her discharge.

The United States, in the case before this court, has filed a third-party complaint against these same individuals and entities. The United States alleges two grounds for bringing this third-party action: 1) it is entitled to full indemnity from the third-party defendants because the negligence of the United States was merely secondary or passive; and 2) it is entitled to contribution from the third-party defendants pursuant to the Illinois Contribution Among Joint Tortfeasors Act, Ill.Rev.Stat. ch. 70, ¶¶ 301–305 (1986). Subsequent to bringing its third-party action, the United States conceded that its indemnity claim was no longer viable and should be dismissed in view of the Illinois Supreme Court's decision in *Allison v. Shell Oil Co.*, 113 Ill.2d 26, 99 Ill.Dec. 115, 495 N.E.2d 496 (1986). Accordingly, the United States' third-party indemnity claim is dismissed. This court need only consider the contribution claim.

### Right to Contribution

■ This is a suit against the United States under the Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b), 2674. Tort liability of the United States is governed by the law of the state where the accident occurred. *See Massachusetts Bonding & Ins. Co. v. United States*, 352 U.S. 128, 128–29, 77 S.Ct. 186, 187, 1 L.Ed.2d 189 (1956); *Fried v. United States*, 579 F.Supp. 1212, 1215 (N.D.Ill.1983). When the United States, as a defendant under the Federal Tort Claims Act, seeks contribution or indemnity from a private person, the law of the state where the tort occurred also determines the right of contribution or indemnity. *See United States v. Arizona*, 214 F.2d 389, 391 n. 1 (9th Cir.1954); *Anderson v. Dreibelbis*, 104 F.R.D. 415, 416 (E.D.Pa. 1984), *aff'd*, 787 F.2d 580 (3rd Cir.1986); *see generally* 3 J. Moore, *Moore's Federal Practice* ¶ 14.29 (2d ed. 1985). Therefore, this court must look to Illinois law to determine the United States' right to contribution from the third-party defendants.

■ The Illinois Contribution Among Joint Tortfeasors Act provides "where 2 or more persons are subject to liability in tort arising out of the same injury to person or property ... there is a right of contribution among them, even though judgment has not been entered against any or all of them." Ill.Rev.Stat. ch. 70, ¶ 302, (a) (1986). The United States is being sued for injuries sustained by Todd Warner. Accordingly, the third-party defendants must be "subject to liability in tort" for the injury to Todd Warner in order for the United States to have a right of contribution against these parties. *Id.* This court must, therefore, determine whether the estate of Todd Warner has a cause of action in tort against these parties.

If the estate of Todd Warner were suing the doctors and medical facilities that treated Ms. Rixecker, the action would sound in negligence, or medical malpractice related to Ms. Rixecker's psychiatric treatment. The first essential element of any negligence action is the existence of a duty owed by a defendant to a plaintiff. *Teter v. Clemens*, 112 Ill.2d 252, 256, 97 Ill.Dec. 467, 469, 492 N.E.2d 1340, 1342 (1986); *Curtis v. County of Cook*, 98 Ill.2d 158, 162, 74 Ill.Dec. 614, 616, 456 N.E.2d 116, 118 (1983). A duty exists where the defendant and the plaintiff have such a relationship to one another that the law imposes upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *Pelham v. Griesheimer*, 92 Ill.2d 13, 18–19, 64 Ill.Dec. 544, 546, 440 N.E.2d 96, 98 (1982). The key inquiry in the present case is whether a doctor or medical facility owes a duty to a third-party who has no direct relationship to the doctor or medical facility.

The parties have submitted briefs regarding the effect on this court's ruling of the recent Illinois Supreme Court decision in *Kirk v. Michael Reese Hospital and Medical Center*, 117 Ill.2d 507, 111 Ill.Dec. 944, 513 N.E.2d 387 (1987). This court considers *Kirk* controlling and dispositive of this third-party action.

The facts of *Kirk* are substantially similar to the case before the court. Plaintiff, a passenger in a car driven by Daniel McCarthy, was injured when McCarthy's car struck a tree. McCarthy had been a psychiatric patient at Michael Reese Hospital and Medical Center where he had been treated by two of its doctors. The doctors prescribed certain drugs in the treatment of McCarthy. Plaintiff brought suit against the drug manufacturers, the hospital, and the doctors alleging sufficient warnings were not given to McCarthy that the drugs would diminish his physical and mental abilities. The relevant portion of the *Kirk* decision for purposes of deciding this case concerns the action against the hospital and doctors. The Illinois Supreme Court held that neither a hospital nor a doctor has a duty to a third-party who has no patient relationship with the doctor or hospital. *Kirk*, 117 Ill.2d at ——, ——, 111 Ill.Dec. 944, 513 N.E.2d 387. Thus, a plaintiff cannot maintain a medical malpractice action absent this direct patient-hospital or patient-doctor relationship. *Id.* The court also noted, discussing the decision in *Renslow v. Mennonite Hospital*, 67 Ill.2d 348, 357, 10 Ill.Dec. 484, 489, 367 N.E.2d 1250, 1255 (1977), that a very limited "special relationship" could give rise to a duty owed to a third-party. In *Renslow*, a child, not conceived at the time negligent acts were committed against its mother by a doctor and hospital employees, was allowed to recover for the negligence directed against its mother. The child/fetus was so intimately related to the mother at the time of the injury that the defendants were found to have invaded the protected rights of the child. *Id.*, 367 N.E.2d at 1255.

The *Kirk* court recognized that certain jurisdictions have held that a physician's relationship with a patient was sufficient to impose a duty to protect unknown third parties endangered by the patient. *See Watkins v. United States*, 589 F.2d 214 (5th Cir.1979); *Davis v. Mangelsdorf*, 138 Ariz. 207, 673 P.2d 951 (1983); *Freese v. Lemmon*, 210 N.W.2d 576 (Iowa 1973); *Welke v. Kuzilla*, 144 Mich.App. 245, 375 N.W.2d 403 (1985); *Wharton Transport Corp. v. Bridges*, 606 S.W.2d 521 (Tenn.

1980); *Gooden v. Tips*, 651 S.W.2d 364 (Tex.App.1983); *Kaiser v. Suburban Transportation System*, 65 Wash.2d 461, 398 P.2d 14, *modified*, 65 Wash.2d 461, 401 P.2d 350 (1965). Other jurisdictions have limited the scope of a doctor's duty to warn to situations in which a specific identifiable, potential victim exists rather than extending a duty to the public generally. *See, e.g., Anthony v. United States*, 616 F.Supp. 156 (S.D.Iowa 1985); *Furr v. Spring Grove State Hospital*, 53 Md.App. 474, 454 A.2d 414 (1983); *Cairl v. Minnesota*, 323 N.W.2d 20 (Minn.1982). As the *Kirk* court noted, social and public policy considerations dictate that a duty by members of the medical profession not be expanded to the public in general where liability would be virtually limitless. *Kirk*, 117 Ill.2d at —— - ——, 111 Ill.Dec. 944, 513 N.E.2d 387; *see also Homer v. Pabst Brewing Co.*, 806 F.2d 119 (7th Cir.1986) (employer who provides medical treatment to its employees has no duty of care to the public in general for the illnesses that may befall the employees).

The holding in *Kirk* clearly controls this case. No direct patient-hospital or patient-doctor relationship existed between Mr. Warner and any of the third-party defendants. Further, there is, of course, no *Renslow* "special relationship" between these parties and Warner. Therefore, the third-parties did not owe a duty to Warner and as such are not liable to him for his injuries. The United States, thus, cannot seek contribution from these parties. Accordingly, the United States' contribution claim is dismissed.

### Conclusion

Third-party defendants motion to strike and dismiss the United States' indemnity and contribution claims is granted.

IT IS SO ORDERED.