A separate judgment in accordance with this Memorandum and Order is entered this same date.

**Joy Ellen BALDWIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 1:94 CV 134 SNL.

United States District Court,
E.D. Missouri,
Southeastern Division.

May 3, 1996.

Dale E. Gerecke, Managing Partner, Finch and Bradshaw, Cape Girardeau, MO, for plaintiff.

Eric T. Tolen, Asst. U.S. Attorney, Office of U.S. Attorney, St. Louis, MO, for defendant.

## MEMORANDUM OPINION AND ORDER

LIMBAUGH, District Judge.

The Plaintiff brings this action against the government pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) which provides a limited waiver of sovereign immunity. The Plaintiff alleges that on June 23, 1996 Christopher L. Gottman, while acting in his official capacity as an employee of the U.S. Army Corps of Engineers, negligently collided with her car as she was exiting the West Park Mall in Cape Girardeau, Missouri. She further alleges that she suffered damages to her neck and shoulder and that her vehicle was damaged. The government contends that the Defendant was not responsible for the accident and that even if he were, there is no causal connection between the accident and the Plaintiff's injuries.

### Statement of Facts

On June 26, 1993, at approximately 5:00 p.m., the Plaintiff was involved in an accident with an agent of the Defendant who was operating his vehicle in his official capacity as an employee of the U.S. Army Corps of Engineers. Both cars were exiting the West Park Mall onto Williams Street when the Plaintiff suddenly stopped and the Defendant ran into the rear of her car.

Immediately following the incident the Plaintiff walked to a nearby restaurant and called the police to report the accident. When the police arrived on the scene she reported neck pain. After evaluating the scene and the situation, the officer allowed the Plaintiff to drive herself to the emergency room at St. Francis Hospital.

The Plaintiff was examined in the emergency room and thus began her medical treatments. The treating physician, Dr. Jerry Goodard, diagnosed the Plaintiff with acute cervical strain and instructed her to follow up with her family physician, Dr. Mark Kasten. Dr. Kasten examined the Plaintiff and referred her to HealthSouth for physical therapy. By September 9, 1993 it was Dr. Kasten's opinion that the Plaintiff's neck had a full range of motion and that she had no further spasms or tenderness. He released her from treatment for her cervical strain problem and did not prescribe any further treatment.

Almost two months later, and nearly five months after the accident, the Plaintiff returned to Dr. Kasten and complained of further neck pain and a new shoulder pain. Dr. Kasten performed a series of tests and referred the Plaintiff to Dr. Lents who is an orthopedic surgeon. Dr. Lents found that

the Plaintiff had bursitis in the shoulder and some adhesive capolitis. The Plaintiff has seen him periodically to address the problem with her shoulder.

The Plaintiff was also examined by Dr. Horenstein who the Defendant retained to provide a review of the case. After a thorough examination of the Plaintiff and her medical records, Dr. Horenstein found that the Plaintiff suffers from cervical arthritis and disease of the shoulder; these represent preexisting diseases and are not the result of the 1993 accident.

### Discussion

■ The analysis of a claim under the Federal Tort Claims Act must be conducted under the substantive law of the state where the accident occurred. *Massachusetts Bonding and Insurance Company v. United States,* 352 U.S. 128, 77 S.Ct. 186, 1 L.Ed.2d 189 (1956). Under the laws of Missouri, every driver is expected to operate a motor vehicle with the highest degree of care. *Braun v. Hoffmeister,* 366 S.W.2d 406, 408 (Mo.1963). This duty is borne by both the Plaintiff and the Defendant. *Thaller v. Skinner Kennedy Company,* 315 S.W.2d 124, 130 (Mo.1958).

■ The Court must apply the Missouri standard of comparative fault which was adopted in *Gustafson v. Benda,* 661 S.W.2d 11, 15 (Mo. banc 1983). The Court finds that most of the fault (90%) lies with the government employee who hit the Plaintiff, but a portion (10%) lies with the Plaintiff who stopped her car in the merge area.

■ The Court is presented with an agreed upon set of facts but conflicting reports from medical experts. Although the Plaintiff's doctors have provided treatment for her pain, they cannot say with certainty that her current condition results solely from the accident. The Court finds that the Plaintiff suffered actual physical damage and damage in the form of health care costs and other damages. When weighing the contrasting medical views however, the Court finds the position of Dr. Horenstein most persuasive.

Accordingly,

**IT IS HEREBY ORDERED** that judgment be entered on the merit of her claim in favor of the Plaintiff in the amount of Twelve Thousand Dollars ($12,000). After applying the comparative fault findings, that leaves the Plaintiff with a total award of Ten Thousand Eight Hundred Dollars ($10,800).