Tomislav SAVIC and Kristina
Savic, Plaintiffs,

v.

UNITED STATES of America and S.W.
Barnett, Defendants.

The UNITED STATES of America,
Third Party Plaintiff,

v.

KOVILIC CONSTRUCTION CO., INC.,
Third Party Defendant.

No. 83 C 5388.

United States District Court,
N.D. Illinois, E.D.

Dec. 29, 1988.

Bogdan Martinovich, Ray & Glick, Libertyville, Ill., for plaintiffs.

Mark Flessner, Asst. U.S. Atty., Chicago, Ill., for defendants and third party plaintiff.

Kenneth A. Helmin, Katz, Karacic & Helmin, and Francis J. Mara, Marvin Riman, Sweeney & Riman, Ltd., Chicago, Ill., for third party defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Plaintiff Tomislav Savic has sued the United States of America under the Federal Torts Claims Act ("the FTCA"), 28 U.S.C. §§ 2671 et seq. for violations of the Illinois Structural Work Act, Ill.Rev.Stat. ch. 48, § 69, resulting in his fall from the roof of a building at the Great Lakes Naval Base while working for Kovilic Construction Co., Inc. The case came before the court as a bifurcated bench trial beginning in August, 1988. On August 7, this court ruled, for the reasons stated in open court, that the United States was liable to the plaintiff for his injuries because it was in charge of the construction project for the purposes of the Structural Work Act, 689 F.Supp. 854. This court now makes the following findings of fact and conclusions of law with regard to the damages phase of the trial.

### FINDINGS OF FACT

1. Plaintiff was born on March 27, 1954 in Yugoslavia, and attained an eighth grade education in that country.

2. Plaintiff worked primarily as a farmer in Yugoslavia but also did work as a roofer on an informal basis there.

3. Plaintiff came to the United States in 1980 and, through mid–1981, worked as a greenskeeper at the Owentsia Country Club in Lake Forest, Illinois.

4. Plaintiff is married and presently has two children, aged 2 and 11.

5. Plaintiff's wife works as a janitor at Lake Forest College in Illinois.

6. In late July, 1981, plaintiff was employed as a laborer by Kovilic Construction Co. ("Kovilic").

7. Plaintiff worked as a roofer for Kovilic at a roofing job at the Great Lakes Naval Base in Great Lakes, Illinois for the two weeks prior to August 10, 1981.

8. At the time, plaintiff was earning $11.87 per hour; experienced roofers were earning $16.50.

9. On August 10, plaintiff fell off the roof of a building on which he was doing work for Kovilic, injuring his left elbow, his left kidney, and his left leg.

10. The United States was in charge of the project.

11. The injury to his elbow required three separate hospitalizations for surgery.

12. Plaintiff's medical expenses incurred as a result of the injuries caused by the fall came to $18,523.35.

13. Plaintiff will eventually need surgery on his elbow to relieve the pain caused by further deterioration, costing approximately $10,000.

14. Plaintiff speaks English at a third grade level and, despite his efforts to learn the language, cannot and will never master it sufficiently to gain employment requiring fluency in the language.

15. Plaintiff's mathematical skills are at a sixth grade level and, due to his below-average intelligence, will not improve much beyond this level irrespective of his efforts.

16. The injury to his elbow has prevented and will continue to prevent plaintiff from regularly lifting more than 20 pounds (although under some circumstances he may occasionally do so) and, together with his inability to speak English, has prevented and will prevent him from doing anything but menial labor at a wage of approximately $5.50 per hour at present wage levels.

17. Plaintiff is a responsible individual devoted to supporting his family, and has done whatever he reasonably could to mitigate his damages from the fall, including taking on available work that he was capable of doing in the years following his injury (with the exception of one period during which he remained home with his newborn child when babysitters' fees approximated his wages but not his wife's).

18. As a result of his injuries, plaintiff lost the following amount of wages from the date of his injuries through the date of trial (based on a wage of $11.87 per hour at 40 hours per week for 50 weeks a year and subtracting out the amounts he either

earned or would have earned had he taken an available job he could handle):

    a.  1981 – $ 9,400
    b.  1982 – $ 19,200
    c.  1983 – $ 23,700
    d.  1984 – $ 20,700
    e.  1985 – $ 20,700
    f.  1986 – $ 20,700
    g.  1987 – $ 13,700
    h.  1988 – $ 13,700
    Total:    $141,800

19. Had plaintiff not sustained the injuries he did in 1981, he would today be working as a roofer at a rate of approximately $16.50 per hour.

20. Because of his injuries, plaintiff will only be able to earn $5.50 per hour in the future.

21. From now through the time he reaches 65 years of age, at which point he would have stopped working as a roofer, plaintiff will lose $11.00 per hour for 40 hours a week for 50 weeks a year, or $22,000 a year, for 31 years, as a result of his injuries.

22. Based on the seasonal and risky nature of work as a roofer, there is a 60% probability that plaintiff would have remained employed as a roofer full-time through the age of 65 had he not been injured.

23. The fall caused plaintiff to experience pain and suffering from his left arm, kidney and leg, but plaintiff failed to establish that the fall caused the lower back pain he now suffers.

24. Plaintiff's past pain and suffering are quantifiable in an amount of $45,000.

25. Plaintiff will experience pain and suffering in the amount of $5,000 in the future provided that he has the $10,000 operation to relieve the pain caused by further deterioration of his left elbow.

26. In the absence of such an operation, plaintiff would experience an additional $10,000 in future pain and suffering.

27. Plaintiff recovered $100,000 in a settlement with Kovilic for injuries resulting from the fall.

## CONCLUSIONS OF LAW

1. This court has jurisdiction pursuant to the FTCA, 28 U.S.C. § 1346(b). Venue is not contested.

2. Illinois substantive law governs this case.

3. Plaintiff's injuries to his left arm, kidney and left leg, were proximately caused by the August 10, 1981 fall.

4. The United States is liable under the Structural Work Act, Ill.Rev.Stat. ch. 48, § 69, for these injuries and resultant damages.

5. Plaintiff is entitled to recover for (a) his past medical expenses, (b) future medical expenses, (c) his lost past wages, (d) his lost future wages, (e) his past pain and suffering, and (f) his future pain and suffering.

(a) Plaintiff has sustained $18,500 in past medical expenses.

(b) Plaintiff will sustain an additional $10,000 (present dollars) in future medical expenses.

(c) Plaintiff lost a total of $141,800 in past wages.

(d)(1) Plaintiff's damages for loss of future earnings must be calculated at their present-day cash value. *Fenolio v. Smith*, 802 F.2d 256, 258 (7th Cir.1986). At $22,000 a year for the next 31 years, plaintiff's lost earnings have a present-day cash value (at a discount rate of 2%, *see O'Shea v. Riverway Towing Co.*, 677 F.2d 1194, 1199 (7th Cir.1982)) of $504,630.

(d)(2) This amount must be reduced by 40%, to $302,778, to account for the seasonal and risky nature of plaintiff's work. *See O'Shea v. Riverway Towing Co.*, 677 F.2d at 1200.

(d)(3) The United States argues that this amount must be further reduced to account for the income taxes plaintiff would have had to pay had he received the money as income over the next 31 years, since the damages award will not be taxed. Although *Harden v. United States*, 688 F.2d 1025 (5th Cir.1982), involved a wrongful death claim, the United States cites it for the proposition that

*Norfolk & Western R. Co. v. Liepelt,* 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980), mandates a deduction for income taxes under the FTCA even where, as here, state law does not allow for a deduction of income taxes from personal injury awards, *see McCann v. Lisle–Woodridge Fire Protection District,* 115 Ill.App.3d 702, 705–08, 71 Ill.Dec. 432, 450 N.E.2d 1311 (1983); *see also Klawonn v. Mitchell,* 105 Ill.2d 450, 454–58, 86 Ill.Dec. 478, 475 N.E.2d 857 (1985) (rejecting *Liepelt* for state law causes of action). *Compare Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 486–87, 101 S.Ct. 2870, 2879–80, 69 L.Ed.2d 784 (1981) (*Liepelt* established a federal common law rule for all federal causes of action).

Although the rule set forth in *Harden* might require the deduction of federal income taxes here, *but see In re Air Crash Disaster Near Chicago, Ill.,* 701 F.2d 1189, 1195–96 (7th Cir.1985) (distinguishing wrongful death from personal injury claims), this court disagrees with the Fifth Circuit that *Liepelt* mandates the deduction of income taxes in all actions under the FTCA. "Damages under the Federal Tort Claims Act are assessed according to state law." *Jastremski v. United States,* 737 F.2d 666, 672 (7th Cir.1984). *Harden* held that an income tax deduction was required by the FTCA's prohibition against punitive damages, 688 F.2d 1029; *see* 28 U.S.C. § 2674; *Felder v. United States,* 543 F.2d 657, 665–66 (9th Cir.1976), but that holding is inconsistent with the Illinois nondeductibility rule.

Under Illinois law, as in many states, federal tax liability is excluded from consideration of compensatory damage awards not to punish the government but instead to ensure full compensation for the victim. *McCann v. Lisle–Woodridge Fire Protection District,* 115 Ill.App.3d at 706–07, 71 Ill.Dec. 432, 450 N.E.2d 1311. As the Eighth Circuit held in *Manko v. United States,* 830 F.2d 831 (8th Cir.1987):

> Whether to deduct income taxes is simply one of many issues courts face in deciding what is fair compensation for an injury. Other such issues are whether to apply the collateral-source rule, whether to award pre-judgment interest, how certain a forecast of future earnings must be, how to value pain and suffering, and so forth. Different jurisdictions resolve these issues in different ways, but they have nothing to do with "punitive damages" as that term is traditionally used in the law. They do not depend on a finding of wanton or malicious conduct, they are not imposed to punish a defendant, and they have nothing to do with a defendant's net worth—all questions that customarily arise when punitive damages are awarded. We conclude that Congress did not mean to outlaw all variations from some ideal norm of compensation when it forbade "punitive damages." It was referring only to that concept in its traditional sense.

*Id.* at 836. Accordingly, this court rules that the United States is not entitled to a deduction in plaintiff's award for income taxes. Moreover, even were this court to rule otherwise, the United States has presented no evidence as to the amount plaintiff's award would have to be reduced and, in the absence of such evidence, this court would not attempt a purely speculative calculation as to the proper amount to deduct.

(e) Plaintiff is entitled to recover $45,000 for past pain and suffering.

(f) Plaintiff is entitled to $5,000 for future pain and suffering. (Had this court agreed with the government that plaintiff did not prove that he will need $10,000 in future medical expenses to relieve the pain from the deterioration of his left elbow, the court would have awarded him an additional $10,000 for future pain and suffering).

6. Plaintiff's total damages come to $523,078.

7. The United States is entitled to a credit of $100,000 by reason of plaintiff's settlement with Kovilic, Ill.Rev.Stat. ch. 70, § 302(c); *O'Connor v. Pinto Trucking Service, Inc.,* 149 Ill.App.3d 911, 103 Ill.

Dec. 242, 501 N.E.2d 263 (1986), bringing the liability of the United States to $423,078.

8. The United States argues that this amount should be further reduced to reflect only its relative culpability in the incident. Although it recognizes that under Illinois law, indeed under well-settled principles of common law throughout this country, apportionment among joint tortfeasors of their liability to the injured does not exist, the United States grounds its argument on the FTCA. According to the United States, because the FTCA only permits recovery against the government for its negligent or wrongful acts, *Loque v. United States*, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973), it is entitled to a credit for Kovilic's share of culpability in the incident as a matter of federal law.

This argument is essentially one for a federal common law rule of apportionment among tortfeasors. Recognizing that such a rule is unsupported by any FTCA caselaw, the United States attempts to distinguish this case from the ordinary joint tortfeasor situation based on the Structural Work Act's imposition of liability on persons "having charge of" work, a theory of liability distinct from ordinary common law negligence. Yet, for purposes of the FTCA, this is a distinction without a difference.

The Seventh Circuit has held that under statutes imposing liability against an owner "in charge of" work, the United States can be held liable under the FTCA, since such statutes are predicated on the owner's wrongful conduct. *Fentress v. United States*, 431 F.2d 824 (7th Cir.1970); *see also Phillips v. United States*, 792 F.2d 639 (7th Cir.1986). And under the Structural Work Act, liability is joint and several. *Dinschel v. United States Gypsum Co.*, 83 Ill.App.2d 466, 476–77, 228 N.E.2d 106 (1976). Thus, a Structural Work Act case against the government is no different than any joint tortfeasor situation, and in the absence of a contrary federal statute, the United States is entitled to apportionment only to the extent that applicable state law allows it. *See Estate of Warner* *by Warner v. United States*, 669 F.Supp. 234, 236 (N.D.Ill.1987). Illinois law does not. *See* Ill.Rev.Stat. ch. 70, § 302(c).

### CONCLUSION

Judgment is entered for the plaintiff and against the United States in the amount of $423,078.